### EMPLOYMENT SECURITY COMMISSION OF WYOMING, Appellant (Respondent),

v.

### Ann M. SWARTZ, Appellee (Petitioner).

### No. 87–60.

Supreme Court of Wyoming.

Aug. 6, 1987.

Joe Scott, Sp. Asst. Atty. Gen., Employment Security Com'n of Wyoming, Casper, for appellant.

Van Graham, of Mason, Twichell & Graham, P.C., Pinedale, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

URBIGKIT, Justice.

The Employment Security Commission (ESC) affirmed a hearing examiner's denial of unemployment benefits for Ann M. Swartz. On appeal, the district court ordered the ESC to pay Ms. Swartz's attorney's fees of $112.50 and costs of $.87.[1] We will reverse.

It is well established that the courts may not assess attorney's fees without express statutory or contractual authority. *Kvenild v. Taylor*, Wyo., 594 P.2d 972, 977 (1979); *DeWitt v. Balben*, Wyo., 718 P.2d 854, 863 (1986).

The ESC statutes provide no such authority:

> "A claimant shall not be assessed fees for proceedings under this act * * * by the commission or the court. The claimant may be represented by counsel * * *

---

1. The trial court also reversed the Commission, ordering that Swartz be afforded a hearing on her claim. Whether an appeal from that decision is properly before this court is at best problematic on this record. In any event, the question of the propriety of the district court's ruling is now moot. While this appeal was pending, the department heard and granted Ms. Swartz's claim for unemployment benefits. No further appeal has been taken, and thus the award of benefits is final. *Graham v. Wyoming Peace Officer Standards and Training Commission*, Wyo., 737 P.2d 1060 (1987).

and the commission or the court shall approve fees for services of counsel * *. Any person violating this subsection shall be fined * * *, imprisoned * * *, or both." Section 27–3–408(b), W.S.1977.

The intent of the legislature must be gleaned from the words of the statute whenever possible. *Wyoming Department of Revenue and Taxation-Excise Tax Division v. First Wyoming Bank, N.A. Kemmerer*, Wyo., 718 P.2d 31, 34 (1986). The plain language of the statute must be given effect. *Board of County Commissioners of Campbell County v. Ridenour*, Wyo., 623 P.2d 1174, 1184, reh. denied 627 P.2d 163 (1981); *Committee to Restore Mayor-Council Form of Government v. City of Rawlins*, Wyo., 692 P.2d 944, 946 (1984). The statute, intended to protect the claimant against unreasonable attorney's fees, plainly provides that the court shall "approve" fees. To approve is not to order payment. Cf. § 27–12–604(c), W.S.1977 (1983 Replacement) (amended and reenacted as § 27–14–615, W.S.1977 (1987 Replacement). This court cannot read into the statute words which are not there. *Matter of Adoption of Voss*, Wyo., 550 P.2d 481, 485 (1976).

Absent some statutory authority, the courts cannot order the ESC to pay claimant's attorney's fees.

Reversed.