**STATE of Wyoming, Plaintiff,**

v.

**Glenn H. STAHL, Defendant.**

**No. 91–267.**

Supreme Court of Wyoming.

Oct. 13, 1992.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Larry M. Donovan, Senior Asst. Atty. Gen., Cheyenne, for plaintiff.

R. Scott Kath of Coppenhaver, Kath & Kitchen, Powell, for defendant.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

* Chief Justice at time of appeal.

GOLDEN, Justice.

Pursuant to a bill of exceptions duly filed with this court, we are requested to resolve the following issue:

Can a municipal peace officer acting without an arrest warrant lawfully arrest an individual [for DWUI] outside the boundaries of that municipality, when that arrest is not the result of hot pursuit? [1]

## FACTS

On March 23, 1991, a dispatcher at the Powell Police Department (PPD) received a REDDI (report every drunk driver immediately) report concerning a motorist parked along side of Highway 14A, approximately three miles west of Ralston, Wyoming. The dispatcher radioed PPD Sergeant Steve Oliver to inform him of the report. Sergeant Oliver subsequently instructed PPD Officer Chuck Birky to investigate. Officer Birky proceeded to the intersection of Highway 14A and Park County Road R18, approximately eight miles beyond the Powell city limits. Upon arrival, Officer Birky found Glenn E. Stahl slumped over the steering wheel of his car. Mr. Stahl had parked his car along side of Highway 14A, but had left the car running and the lights on. After having Mr. Stahl perform several field sobriety tests, Officer Birky arrested him for DWUI in violation of Wyo. Stat. § 31–5–233(b) (1989).

Mr. Stahl filed a motion with the justice court requesting that the complaint against him be dismissed or, alternatively, that the evidence be suppressed which was obtained by Officer Birky during the arrest. Mr. Stahl argued that he was the subject of an unlawful, extrajurisdictional arrest as Officer Birky's arrest jurisdiction did not extend beyond the Powell city limits. Following a hearing on Mr. Stahl's motion, the justice court issued a decision letter in which it determined that, in light of *Van*

*Horn v. State,* 802 P.2d 883 (Wyo.1990), Mr. Stahl was in fact unlawfully arrested. Accordingly, the justice court ordered that the criminal complaint against Mr. Stahl be dismissed. This bill of exceptions ensued.

## STANDARD OF REVIEW

This court has plenary review of all questions of law presented by way of a bill of exceptions. Our objective is to determine the law which will govern all similar pending and future cases. We may not, however, reverse or affect in any way the judgment of the court from which the bill of exceptions was taken. Wyo.Stat. § 7–12–104 (1987).

## DISCUSSION

This court has confronted extrajurisdictional arrest issues on at least two prior occasions. In *Van Horn* we held that a municipal peace officer could not lawfully execute a municipal bench warrant outside of the boundaries of the municipality which he served. This holding was founded primarily upon W.R.Cr.P.J.C. 4(c)(2) which provides that arrest warrants issued by a municipal judge may not be executed beyond such judge's "territorial jurisdiction." We did, however, comment generally upon the jurisdictional reach of a municipal peace officer's arrest authority:

Generally speaking it may be said that "a public officer appointed as a conservator of the peace for a particular county or municipality * * * has no official power to apprehend offenders beyond the boundaries of the county or district for which he has been appointed [whether he acts under color or [sic] of a warrant or without one]."

\* \* \* \* \* \*

Wyoming has no statute nor has this court provided a rule which serves to

1. We limit our discussion of this issue by addressing only the warrantless arrest jurisdiction conferred upon a municipal peace officer by virtue of his office. We are cognizant that municipal peace officers, like other citizens of Wyoming, possess citizen's arrest powers conferred by statute. However, Wyoming's citizen's arrest

statute, Wyo.Stat. § 7–8–101 (1987), does not authorize private citizens to make misdemeanor DWUI arrests. We are also cognizant that a county sheriff may deputize a municipal peace officer for particular law enforcement duties. *See generally,* Wyo.Stat. § 18–3–602 (1977).

abrogate the common law rule of confined territorial jurisdiction for municipal peace officers.

*Van Horn,* 802 P.2d at 886–87 (quoting Annotation, *Territorial Extent of Power to Arrest Under a Warrant,* 61 A.L.R. 377 (1929)).

In *Six Feathers v. State,* 611 P.2d 857 (Wyo.1980), we held that a warrantless arrest of suspected felons in South Dakota by municipal peace officers from Newcastle, Wyoming was valid under South Dakota's interstate "fresh pursuit" statute. In the course of making that decision, we noted: "At common law, a law enforcement officer could arrest a felon or a suspected felon with or without a warrant in another jurisdiction only if he were in fresh pursuit of the felon or suspected felon." *Six Feathers,* 611 P.2d at 861.

While neither *Van Horn* nor *Six Feathers* is dispositive of the issue presently under consideration, both cases are useful as they recognize the common law rules regarding the jurisdictional reach of municipal peace officer's warrantless arrest authority. To reiterate, a peace officer's authority to make a warrantless arrest was confined at common law to the boundaries of the governmental subdivision in which he held office. The doctrine of "fresh pursuit" provided the only exception. Under this doctrine, a peace officer could lawfully make an extrajurisdictional arrest when acting in fresh pursuit of an individual known to have or reasonably suspected of having committed a felony within the officer's jurisdiction. *E.g.,* 5 Am.Jur.2d *Arrest* §§ 50–51 (1962).

Simple DWUI is a misdemeanor criminal offense in Wyoming. Wyo.Stat. § 31–5–233(e) (1989). Thus, under common law, a municipal peace officer's authority to make a warrantless arrest for such an offense would be limited to the municipal boundaries. The state argues, however, that the common law rules of confined jurisdiction have been greatly liberalized by the Wyoming legislature as they would relate to the misdemeanor offense of DWUI. The state cites Wyo.Stat. § 31–5–1204 (1989), which provides in relevant part:

(a) The authority of a police officer to make an arrest is the same as upon an arrest for a felony when the officer has reasonable and probable grounds to believe that the person arrested has committed any of the following offenses and the manner of making arrests shall be as in misdemeanor cases:

\*　　\*　　\*　　\*　　\*　　\*

(ii) Driving or being in actual physical control of a vehicle while under the influence of alcohol or any substance as prohibited by W.S. 31–5–233.

The state contends that § 31–5–1204(a)(ii) confers upon a municipal peace officer state-wide jurisdiction to make warrantless arrests for DWUI. The state supports this contention by reasoning that, since § 31–5–1204 contains no express jurisdictional limitation, a municipal peace officer may lawfully arrest an individual for DWUI anywhere in Wyoming so long as he has "reasonable and probable grounds to believe the person arrested has committed \* \* \* [the] offense \* \* \*." Wyo.Stat. § 31–5–1204(a) (1989).

The far-reaching effect of the state's argument is illustrated by reference to Wyoming's general warrantless arrest statute:

(a) A peace officer may arrest a person without a warrant and detain that person until a legal warrant can be obtained when:

(i) Any criminal offense is being committed in his presence by the person to be arrested;

(ii) He has probable cause to believe that a felony has been committed and that the person to be arrested has committed it; or

(iii) He has probable cause to believe that a misdemeanor has been committed, that the person to be arrested has committed it and that the person, unless immediately arrested:

(A) Will not be apprehended;

(B) May cause injury to himself or others or damage to property; or

(C) May destroy or conceal evidence of the commission of the misdemeanor

(b):

(i) The misdemeanor is committed by the person in the officer's presence; or (ii) The peace officer has probable cause to believe a misdemeanor has been committed and that the person to be issued a citation has committed the misdemeanor.

Wyo.Stat. § 7–2–103 (1987).

Like § 31–5–1204, § 7–2–103 contains no express jurisdictional limitation on the warrantless arrest authority of a peace officer. Consequently, consistent application of the state's reasoning would necessarily lead to the conclusion that all peace officers within Wyoming have state-wide warrantless arrest jurisdiction for both misdemeanor and felony offenses. We disagree with the state's proposed analysis.

The state's statutory construction argument runs awry at its most fundamental level by failing to distinguish the word "authority" from the word "jurisdiction." As used in this context, the former refers to what a peace officer may do, while the latter refers to where a peace officer may do it. *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544, 548 (1991). Both Wyo.Stat. § 7–2–103 and Wyo.Stat. § 31–5–1204 are "authority" statutes: they address only what a peace officer may do in his official capacity without running afoul of the due process provisions of the United States and Wyoming Constitutions. *Rodarte v. City of Riverton*, 552 P.2d 1245, 1252 (Wyo. 1976) (discussing Wyo.Stat. § 7–12.3 (1957 & Supp.1975)). To also construe § 7–2–103 and § 31–5–1204 as "jurisdictional" statutes would be in contravention of many of our well-established rules of statutory construction. *Moncrief v. Harvey*, 816 P.2d 97 (Wyo.1991) (legislative intent determined as nearly as possible from statutory language); *Keene v. State*, 812 P.2d 147 (Wyo. 1991) (words of statute given plain and ordinary meaning unless otherwise indicated); *McGuire v. State Dept. of Rev. and Taxation*, 809 P.2d 271 (Wyo.1991) (statute viewed in light of its intent and purpose); *Employment Sec. Comm'n of Wyo. v. Swartz*, 740 P.2d 401 (Wyo.1987) (court will not read into statute what is not there); *Keser v. State*, 706 P.2d 263 (Wyo.1985) (legislature presumed to enact statute with knowledge of existing statutory and common law). Therefore, we are not willing to accept the state's argument that, without uttering a word, the Wyoming legislature intended to drastically change the common law rules of confined jurisdiction by the enactment of § 7–2–103 and § 31–5–1204.[2]

 Upon a more generalized review, we are unable to locate any Wyoming statute which addresses the jurisdictional reach of a municipal peace officer's warrantless arrest authority in the intrastate context.[3] Consequently, we rely upon the common law rules of confined jurisdiction stated above. Under such rules, the jurisdictional reach of a peace officer's warrantless arrest authority depends upon the classification of a crime as either a misdemeanor or a felony. A municipal peace officer may make a warrantless arrest for a misdemeanor only within municipal boundaries, whereas he may make a warrantless arrest

---

**2.** Four of our six sister states—Colorado, Idaho, South Dakota, and Utah—have statutes which specifically address the jurisdictional reach of a peace officer's warrantless arrest authority. While these statutes appear to liberalize the common law rules of confined jurisdiction, not one of them goes nearly so far as the state proposes was done through silence by the Wyoming legislature. *See* Colo.Rev.Stat. § 16–3–106 (1986); Idaho Code § 19–701A (1987); S.D.Codified Laws Ann. § 23A–3–16 (1988); Utah Code Ann. § 77–9–3 (1990).

Of our two remaining sister states, Montana authorizes cities and towns to pass ordinances which extend a peace officer's arrest jurisdiction to all areas within five miles of the city's or town's boundaries. Mont.Code Ann. § 7–32–4301 (1991). In the absence of an applicable city ordinance, however, Montana appears to apply the common law rules of confined jurisdiction. *See State v. McDole*, 226 Mont. 169, 734 P.2d 683 (1987). Nebraska has no applicable statute and follows the common law. *State v. Masat*, 239 Neb. 849, 479 N.W.2d 131 (1992).

**3.** Wyoming has entered into an "Interstate Compact for Arrest of Fugitives and Attendance of Witnesses" with Colorado, Kansas, and New Mexico. The Compact is codified at Wyo.Stat. §§ 7–3–301 to 303 (1987). It is a reciprocal agreement which permits state, county, or municipal peace officers from any party state to pursue felons or escapees of custody into any other party state and arrest them there, with or without a warrant. Wyo.Stat. § 7–3–301 (1987).

for a felony outside of those boundaries when acting in "fresh pursuit" of a known or suspected felon. The plain language of § 31–5–1204 evinces the legislature's intent that the misdemeanor offense of DWUI, as well as other misdemeanor offenses enumerated therein, be treated as a felony for the purpose of warrantless arrest. Accordingly, we conclude that a municipal peace officer acting without a warrant may not lawfully arrest an individual for DWUI outside of the boundaries of the municipality which he serves, unless such arrest is the result of "fresh pursuit."

## CONCLUSION

A municipal peace officer acting without a warrant may not lawfully arrest an individual for DWUI outside of the boundaries of the municipality which he serves, unless such arrest is the result of "fresh pursuit."