**In the Matter of the Driver'S License Suspension of: Daniel Len MARSHALL, Appellant (Petitioner),**

v.

**STATE of Wyoming ex rel., DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).**

No. 96–178.

Supreme Court of Wyoming.

June 25, 1997.

Brian N. Beisher, argued of Hart & Reiter, Sheridan, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Lawrence A. Bobbitt, III, argued, Senior Assistant Attorney General. for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Campus police arrested Daniel Len Marshall off campus for driving while intoxicated. Marshall refused chemical testing and, as a result, the Wyoming Department of Transportation (DOT) suspended his license pursuant to Wyoming's implied consent statute. The Office of Administrative Hearings (OAH) upheld the suspension, finding that the campus police officer had statewide jurisdiction and therefore the authority to make the off-campus stop and arrest. Marshall seeks review of the hearing examiner's order.

We reverse.

Appellant Marshall poses the following issues:

A. Whether the Hearing Examiner ruled contrary to law in deciding that the campus peace officer in this case did not exceed his jurisdiction due to the fact that campus peace officers have "statewide jurisdiction."

B. Whether the fresh pursuit doctrine operates to make legal the campus peace officer's arrest of Appellant.

C. Whether consideration of the Appellant's refusal to submit to chemical testing as required by Wyoming Statute Section 31–6–102, is precluded due to the unlawful stop and arrest, and the exclusionary rule.

Appellee, Wyoming Department of Transportation, responds with the following issue:

Does the record contain substantial evidence to establish compliance with the implied consent statute? In particular, does the record establish that the officer made a lawful arrest, that the officer obtained probable cause to believe that Appellant had been driving under the influence on a

public street or highway, and that Appellant refused to submit to a chemical test?

Marshall reframed the issues in his reply brief as:

A. Whether the fresh pursuit doctrine operates to make legal the campus peace officer's arrest of Appellant.

B. Whether, if the fresh pursuit doctrine does not make legal the campus peace officer's arrest of Appellant, the campus peace officer's arrest of Appellant was a legal citizen's arrest.

### FACTS

On February 4, 1996, Sheridan College Police Officer John R. Burch heard a broadcast on his police radio, reporting a stolen 1994 burgundy Oldsmobile Ciera with a Sheridan Motors plate on the front and a dealer plate on the back. Later that morning, Officer Burch spotted Marshall driving past the Sheridan College campus on U.S. Highway 87 in a maroon 1984 Oldsmobile. Officer Burch was unable to clearly see Marshall's license plates, but because of the similarity in the color and model of Marshall's automobile to the car reported stolen, Officer Burch pulled onto Highway 87 behind Marshall. After following Marshall for approximately one mile, Officer Burch pulled him over. At that time Marshall was not on the Sheridan College campus, nor had he previously ventured on to the campus.

Once Marshall was stopped, Officer Burch realized that Marshall's vehicle was not the stolen car. However, he became suspicious that Marshall was driving under the influence of alcohol because he detected a strong odor of alcohol and noted that Marshall's speech was slurred and he was unsteady on his feet. After conducting field sobriety tests, Officer Burch placed Marshall under arrest for driving while under the influence (DWUI). Based on Marshall's refusal to undergo chemical testing after his arrest, DOT suspended his license pursuant to W.S. 31–6–102 (1994).

Marshall requested a contested case hearing, which the OAH conducted on March 18, 1996. The hearing examiner determined that the stop and subsequent arrest of Marshall were supported by a reasonable articulable suspicion and that Officer Burch acted within his jurisdiction. As a result, the examiner found that the arrest was lawful and that DOT had authority to suspend Marshall's license. Marshall filed a Petition for Review of Administrative Action with the district court. The district court certified the appeal to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

### STANDARD OF REVIEW

■ This appeal is based solely on the hearing examiner's conclusions of law; no factual matters are at issue. We afford no deference to an agency's conclusions of law, and shall "hold unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" W.S. 16–3–114(c)(ii)(A); *Thunder Basin Coal Co. v. State Bd. of Equalization,* 896 P.2d 1336, 1338 (Wyo.1995).

### DISCUSSION

■ Marshall's license was revoked pursuant to Wyoming's implied consent statute, which requires suspension of a driver's Wyoming license if that person is arrested for DWUI and refuses chemical testing. W.S. 31–6–102(a)(ii)(A). The statute provides that chemical testing must be incidental to a lawful arrest, given promptly after the arrest, and administered by a peace officer who had probable cause. W.S. 31–6–102(a)(i)(A)–(C). Marshall takes issue with the hearing examiner's conclusion that campus police officers have statewide jurisdiction. He contends that Officer Burch had no authority outside his territorial jurisdiction to arrest Marshall. Marshall argues that, as a result, the arrest was unlawful and the implied consent statute was improperly invoked as a basis to suspend his license.

The hearing examiner reasoned that campus police officers derive their authority from the legislature and, had the legislature intended to limit their jurisdiction, it would have done so expressly, as it did with state park officials in W.S. 7–2–101(iv)(G) (1995) and capitol security personnel in W.S. 9–1–612(c) (1995). Absent such a limitation, the

hearing examiner determined that campus police enjoy statewide jurisdiction. We disagree.

Wyoming has no statute which specifically addresses the jurisdictional reach of a peace officer, and the hearing examiner is correct in stating that the statutes contain no express limits on the jurisdiction of campus police. This court, however, has recognized limitations on the jurisdictional authority of municipal police officers under the common law. *State v. Stahl*, 838 P.2d 1193 (Wyo. 1992); *see also Van Horn v. State*, 802 P.2d 883 (Wyo.1990) (municipal police officer cannot lawfully execute a municipal bench warrant outside municipal boundaries). In *Stahl*, a municipal police officer responded to a call eight miles outside the city limits. The officer found a parked car with a man slumped over the steering wheel and, after conducting field sobriety tests, arrested him for having physical control of a vehicle while under the influence of alcohol. The driver argued that he was the subject of an unlawful extrajurisdictional arrest. We articulated the common law rule of confined jurisdiction:

> [A] peace officer's authority to make a warrantless arrest was confined at common law to the boundaries of the governmental subdivision in which he held office. The doctrine of "fresh pursuit" provided the only exception. * * *
>
> * * * Thus, under common law, a municipal peace officer's authority to make a warrantless arrest for [a misdemeanor] offense would be limited to the municipal boundaries.

*Stahl*, 838 P.2d at 1195. We concluded that a municipal police officer acting without a warrant may not lawfully arrest an individual for DWUI outside the boundaries of the municipality which he serves unless such arrest is the result of fresh pursuit. *Stahl*, 838 P.2d at 1197.

We have little difficulty applying this common law rule of confined jurisdiction to campus police. Wyoming Statute 7–2–101(a)(iv) defines "peace officer." Subsection (B) includes "[a]ny duly authorized member of a municipal police force, a college or university campus police force or the Wyoming highway patrol who has qualified pursuant to W.S. 9–

1–701 through 9–1–707[.]" Our well established rules of statutory interpretation require us to look to the ordinary and obvious meaning of the words employed according to their arrangement and construction. *Newton v. State ex rel. Workers' Compensation Div.*, 922 P.2d 863, 865 (Wyo.1996). The structure of the statute, which groups campus police with municipal police and highway patrol, leads to the logical conclusion that those officers should be treated similarly. The legislature has not sought to abrogate the common law rules we adopted in *Stahl*, nor to differentiate campus police from municipal police in the statute. Accordingly, we hold that a campus police officer acting without a warrant may not lawfully arrest an individual for DWUI outside the boundaries of the campus he serves, unless such arrest is the result of fresh pursuit.

█ DOT argues that the arrest was, in fact, the result of fresh pursuit. Under the fresh pursuit doctrine, a peace officer can lawfully make an extrajurisdictional arrest when acting in fresh pursuit of an individual known to have or reasonably suspected to have committed a felony within the officer's jurisdiction. *Stahl*, 838 P.2d at 1195.

The fresh pursuit doctrine requires that the officer begin the chase in his or her own jurisdiction and continue it until the suspect is caught. If the crime is committed outside the jurisdiction of the arresting officer, then the doctrine does not apply. 5 Am.Jur.2d, *Arrest* § 72 (1995). The crime Marshall was suspected of, grand theft auto, was not committed within the boundaries of the Sheridan College campus. Marshall drove past the campus, but at no time drove his vehicle on campus. Therefore, the doctrine of fresh pursuit, in its traditional formulation, does not apply.

DOT claims the requirement that the crime be committed within the pursuing officer's jurisdiction is unnecessarily restrictive. In each of the cases cited by DOT to support its position, save one, the crime *was* committed within the peace officer's jurisdiction; it was the arrest that took place elsewhere, and the issue was whether the particular pursuit occurred timely enough to be considered

"fresh." *See People v. Sandoval,* 65 Cal.2d 303, 54 Cal.Rptr. 123, 419 P.2d 187 (1966); *Charnes v. Arnold,* 198 Colo. 362, 600 P.2d 64 (1979); *Glover v. State,* 88 Md.App. 393, 594 A.2d 1224 (1991). In *People v. Nazaroff,* 266 Cal.App.2d 229, 72 Cal.Rptr. 58 (1968), the crime was not committed in the officer's jurisdiction, but the suspected felon was within the officer's territorial boundaries, and the officer had attempted to stop him there. DOT has not convinced us that we should expand the fresh pursuit rule.

DOT also contends that even if we determine that Officer Burch was without authority as a peace officer to arrest Marshall, the arrest qualified as a citizen's arrest pursuant to W.S. 7–8–101(a) (1995) because Officer Burch had probable cause to believe that a felony was in progress. Section 7–8–101(a) provides:

(a) A person who is not a peace officer may arrest another for:

(i) A felony committed in his presence;

(ii) A felony which has been committed, even though not in his presence, if he has probable cause to believe the person to be arrested committed it; or

(iii) The following misdemeanors committed in his presence:

(A) A misdemeanor larceny offense defined by W.S. 6–3–402(a) or (e); or

(B) A misdemeanor property destruction offense defined by W.S. 6–3–201.

The plain language of the first phrase would appear to render the statute inapplicable to Officer Burch. However, DOT argues that in the situation where a peace officer is outside his jurisdiction, the officer can make a warrantless arrest as a private citizen pursuant to W.S. 7–8–101. We need not address this argument because the arrest in this case clearly falls outside the reach of the statute in another respect. Officer Burch initially suspected that Marshall had committed a felony but, prior to Marshall's arrest, he determined that Marshall had not committed a felony. The officer arrested Marshall for a misdemeanor DWUI. The statute authorizes citizens to make arrests only for felonies or enumerated misdemeanors. DWUI is not an enumerated misdemeanor and, as a result, the arrest could not have been a valid citizen's arrest under the statute. *Stahl,* 838 P.2d at 1194 n. 1.

### CONCLUSION

▪ Campus police officers, like municipal police officers, do not have authority to make arrests outside their territorial boundaries absent fresh pursuit. The fresh pursuit exception applies to permit a peace officer to pursue a suspect fleeing the officer's jurisdiction. Here, Marshall was never within the officer's jurisdiction, so the exception does not apply. The citizen's arrest statute applies only to felonies or enumerated misdemeanors, which do not include DWUI. Officer Burch had no authority to arrest Marshall. As a result, the arrest was unlawful and the provisions of the implied consent statute do not apply. Because the hearing examiner's conclusions of law are not in accordance with law, we reverse and remand to the hearing examiner with directions to enter an order in accordance with this opinion.