STATE OF NEBRASKA, APPELLEE, V. MICHAEL G. MASAT, APPELLANT.

479 N.W.2d 131

Filed January 24, 1992.    No. 90-904.

Scott D. Freese, of Hutton, Freese & Remmich, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Claiming that the trial court erred in failing to suppress certain evidence obtained after he was arrested outside the arresting officer's jurisdiction, Michael G. Masat appeals his misdemeanor conviction of second-offense driving while under the influence of alcohol.

The defendant was originally convicted in the county court and appealed his conviction to the district court for Pierce County, where it was affirmed. He then appealed to this court.

In light of our decision in *State v. Tingle, ante* p. 558, 477 N.W.2d 544 (1991), we reverse Masat's conviction and remand the cause to the district court with instructions to remand it to the Pierce County Court for a new trial.

Prior to his jury trial, Masat timely filed a motion which in relevant part asked the court to suppress

> all evidence from and after the arrest of this Defendant which took place approximately two and one-half (2 1/2) miles west of Plainview, Nebraska, for the reason that said arrest was illegally made as the arresting officer, Plainview Police Officer Darrel D. Grebe, was outside his jurisdiction as of the time of the making of the arrest.

After an evidentiary hearing, the trial court denied Masat's motion to suppress. At Masat's jury trial, the judge overruled the defendant's objections to any observations Officer Grebe made outside Plainview's city limits and to "any evidence that Mr. Grebe may testify to relative to his stop and subsequent arrest of Mr. Masat." A continuing objection to each question regarding that "entire line of testimony" was permitted.

The record reflects that on January 21, 1990, Grebe was a part-time police officer with the Plainview Police Department.

Grebe testified that when he was working as a police officer, his patrol area did not extend beyond Plainview's city limits. About 7:45 p.m. on January 21, while in uniform and on duty as a police officer, Grebe observed Masat's automobile at the intersection of West Street and Highway 20, within the Plainview city limits. Grebe testified that as the defendant's vehicle turned left onto Highway 20 to proceed in a westerly direction, it "bounced very sharply against the curb" of the highway. Grebe followed Masat's vehicle as it proceeded beyond the city limits of Plainview, beyond the Pierce County border, and into Antelope County, where he arrested the driver, Masat. While following Masat from the point of his first observation to the point of Masat's arrest, Grebe noted that Masat's vehicle violated the posted speed limit and crossed the centerline of Highway 20 on two occasions. On one of those occasions an oncoming automobile left the highway to avoid an accident. Grebe stopped Masat in Antelope County and arrested the defendant for driving while under the influence of alcohol. Grebe returned Masat to Plainview, where he obtained a breath alcohol test at 8:40 p.m. reflecting that Masat had a concentration of .281 grams by weight of alcohol per 210 liters of his breath, in violation of Neb. Rev. Stat. § 39-669.07(3) (Reissue 1988).

In his appeal to this court, the defendant argues only that because he was illegally arrested, the trial court should have excluded from his trial breath alcohol test results, observations of Masat following his arrest, and any statements of the defendant following his arrest.

In determining the correctness of a trial court's ruling on a motion to suppress, an appellate court will uphold a trial court's findings of fact unless those findings are clearly erroneous. *State v. Groves, ante* p. 660, 477 N.W.2d 789 (1991). In deciding whether the trial court's findings on a motion to suppress are clearly erroneous, the reviewing court recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed the witnesses testifying regarding the motion. *Id.*

The power of a police officer at common law to make an arrest without a warrant is limited to the boundaries of the

governmental unit by which he was appointed, unless the police officer is acting in fresh and continued pursuit of a *suspected felon* who has committed an offense in the officer's presence and within his territorial jurisdiction. *State v. Tingle, supra.* A local peace officer acting without a warrant outside the territorial limits of the jurisdiction under which he holds office is without official power to apprehend a suspected misdemeanor offender unless he is authorized to do so by statute. See *State v. Tingle, supra.* There is no Nebraska statute authorizing a police officer appointed by a municipality in Pierce County to make an arrest in Antelope County of a person suspected of committing a misdemeanor within the territorial limits of the municipality that appointed the officer. In Masat's case, there was no warrant, and we need not discuss the officer's jurisdiction or authority under a warrant.

The trial court was clearly wrong in failing to suppress the breath alcohol test results and any observations obtained subsequently to Masat's arrest. Evidence obtained as the fruit of an illegal search or arrest, in violation of the fourth amendment to the U.S. Constitution and the provisions of article I, § 7, of the Nebraska Constitution, is inadmissible in a prosecution in this state and must be excluded. *State v. O'Kelly*, 175 Neb. 798, 124 N.W.2d 211 (1963). See, also, *Bissonette v. Haig*, 800 F.2d 812 (8th Cir. 1986).

Although the illegality of an arrest gives rise to collateral rights and remedies such as the exclusionary rule, it ordinarily is not a defense to the crime for which the arrest is made. *State v. Tingle, ante* p. 558, 477 N.W.2d 544 (1991). The illegality of an arrest does not deprive the State of an opportunity to prove guilt through the introduction of untainted evidence. See, *State v. Tingle, supra*; *State v. Smith*, 207 Neb. 263, 298 N.W.2d 162 (1980).

We vacate Masat's sentence, reverse his conviction, and remand the cause for a new trial consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.