STATE OF NEBRASKA, APPELLEE, V.
PORFIRIO JIMENEZ RUBIO, APPELLANT.

623 N.W. 2d 659

Filed March 23, 2001.   No. S-00-138.

Alan G. Stoler and Jerry M. Hug for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This case comes before the court on a petition for further review. Appellant, Porfirio Jimenez Rubio, was charged in state court with drug-related offenses. Rubio filed a plea in bar, based on a federal court's prior determination that the state troopers who seized drugs from Rubio violated his Fourth Amendment rights by conducting an illegal search. The trial court denied the plea in bar, and the Nebraska Court of Appeals affirmed. We granted Rubio's petition for further review.

## BACKGROUND

In November 1998, Rubio was stopped on Interstate 80 by two state troopers because he had a visual obstruction hanging from his rearview mirror. The troopers issued him a ticket for the obstruction offense. The troopers suspected that Rubio possessed contraband and eventually searched his car and seized cocaine and methamphetamine contained in a hidden compartment.

Rubio was originally charged in state court in Cheyenne County, but the charges were dismissed when Rubio was indicted based on the same conduct in the U.S. District Court. Rubio filed a motion to suppress with the U.S. District Court, alleging that his Fourth Amendment rights protecting against unreasonable search and seizure had been violated. The court granted the motion, and the U.S. Attorney subsequently dismissed the charges. Rubio was then charged in Cheyenne

County under state law based on the same conduct. He filed what he labeled a "Plea in Bar," alleging that the State was precluded from proceeding against him because there had been a full and fair adjudication in federal court of his rights as guaranteed by the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution and that the State, therefore, had no admissible evidence against him.

The trial court denied Rubio's plea in bar. On appeal to the Court of Appeals, the State filed a motion for summary affirmance. The Court of Appeals did not grant the State's motion, but instead affirmed the trial court's decision without arguments in a memorandum opinion filed October 18, 2000.

### ISSUE ON FURTHER REVIEW

The issue in this case is whether a plea in bar is the proper procedural device with which to raise a challenge based on the Supremacy Clause of the U.S. Constitution.

### ANALYSIS

We have previously held that a plea in bar is a final, appealable order. See *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990). For this proposition to apply to a particular case, however, the pleading filed must be a true plea in bar. In Nebraska, a plea in bar is a statutory procedure. See Neb. Rev. Stat. § 29-1817 (Reissue 1995). In order for a particular pleading to be a true plea in bar, it must meet the requirements of § 29-1817, which provides in relevant part:

> The accused may then offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense; and to this plea the county attorney may reply that there is no record of such acquittal or conviction, or that there has been no pardon.

In this case, Rubio did not assert in his pleading that he had previously been acquitted, convicted, or pardoned. In fact, Rubio has not been tried at all, but has merely been subjected to a suppression hearing in federal court.

Rubio is essentially asking this court to read another basis for a plea in bar into the statute. However, where the lan-

guage of a statute is plain and unambiguous, no interpretation is needed and a court is without authority to change such language. *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Cuny*, 257 Neb. 168, 595 N.W.2d 899 (1999).

Because Rubio has not been acquitted, convicted, or pardoned, his pleading cannot be properly labeled as a plea in bar under § 29-1817. See *Melcher v. State*, 109 Neb. 865, 192 N.W. 502 (1923) (holding that plea in bar may be based only on grounds set forth in statute). Because his pleading is not a plea in bar, it is not a final, appealable order, and the Court of Appeals did not, therefore, have appellate jurisdiction.

## CONCLUSION
We conclude, therefore, that because the Court of Appeals did not have jurisdiction, it should have dismissed the appeal. We reverse the decision and remand the cause to the Court of Appeals with directions to dismiss the appeal.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.