REQUESTED BY: Forrest D. Chapman Executive Director Nebraska Liquor Control Commission
Dear Mr. Chapman:
You requested our opinion regarding whether Neb. Rev. Stat. §72-2011 (Cum. Supp. 2000) applies to the Nebraska Liquor Control Commission's liquor license application process. We conclude that the statute does apply to the Commission's licensing process, and that the Commission is without jurisdiction to issue a liquor license within the Niobrara Scenic River Corridor unless the procedure mandated by §72-2011 is followed.
Neb. Rev. Stat. § 72-2011 provides:
 (1) Any state or state-assisted activity or undertaking proposed within the Niobrara scenic river corridor shall be consistent with the purpose of the scenic river designation, including the scenic river's free-flowing condition and scenic, geological, biological, agricultural, historic, and prehistoric resources.
 (2) The head of any state or local agency having direct or indirect jurisdiction over a proposed state or state-assisted undertaking within the Niobrara scenic river corridor and the head of any agency having authority to license or permit any undertaking in such area shall prepare a detailed proposal and submit it to the Niobrara Council for its review.
 (3) The council shall review the proposal and consult with the agency. If, within thirty days after such review and consultation, the council finds that the proposed action is not consistent with the purposes of this section, the agency shall not proceed with the action until after a justification for the action has been submitted to the Governor and approved by the Governor in writing. The justification shall include the following elements: The anticipated current, future, and cumulative effects on the scenic and natural resources of the designated scenic river corridor; the social and economic necessity for the proposed action; all possible alternatives to the proposed action including a no-action alternative; the comparative benefits of proposed alternative actions; and the mitigation measures outlined in the proposed action. (Emphasis added).
The Liquor Commission is a state agency having authority to issue licenses. The language in § 72-2011(2) which requires a state agency to submit a detailed report to the Niobrara Council for its review prior to the issuance of any license within the Niobrara Scenic River Corridor is mandatory language. The legislative bill which led to the enactment of § 72-2011 (LB 1234, 2000 Legislative Session, effective July 13, 2000) and the legislative history of that bill contain no indication that the Legislature intended to exempt the Liquor Commission from the process mandated by § 72-2011.
Certain basic principles of statutory construction should be mentioned. First, the language in statutes should be given its plain and ordinary meaning. In re: Interest of Jeremy T., State of Nebraska,Douglas County v. Nebraska Department of Health and Human Services,257 Neb. 736 (1999). A court will not read anything plain, direct, and unambiguous out of a statute. State v. Woods, 255 Neb. 755 (1998); Statev. Cuny, 257 Neb. 168 (1999). An ambiguity in a statute capable of producing more than one possible result opens the statute for construction by a court, which must apply the construction which will best achieve the purposes of the legislative enactment. Southeast Rural Volunteer FireDept. v. Nebraska Department of Revenue, 251 Neb. 852 (1997); Groseth v.Groseth, 257 Neb. 525 (1999). When interpreting a statute, courts must look to the statute's purpose and give the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. In re: Involuntary Dissolution of BattlecreekState Bank, 254 Neb. 120 (1998). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions are consistent, harmonious, and sensible. Statev. Seberger, 257 Neb. 747 (1999). Special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. State v. Wood,245 Neb. 63 (1994).
We conclude that the language of § 72-2011 is clear and unambiguous. To the extent that the language in § 72-2011 is perceived to conflict with language in Chapter 53 of the Nebraska Statutes regarding the authority of the Liquor Commission and the procedure for the issuance of liquor licenses, we conclude that § 72-2011 is the more specific statute with reference to the licensing process applicable in the Niobrara Scenic River Corridor. We also conclude that to ignore the procedure mandated by § 72-2011 would thwart the Legislature's intent that the Niobrara Council have authority over the issuance of licenses within the Niobrara Scenic River Corridor. The issuance of liquor licenses within the Niobrara Scenic River Corridor, including off-sale liquor licenses, may have a significant impact on the appearance of the corridor, and on the safety and enjoyment of those who visit the corridor and use it resources. We conclude that any liquor license purportedly granted by the Liquor Commission within the Niobrara Scenic River Corridor after July 13, 2000, is void if not approved by the Niobrara Council or the Governor pursuant to § 72-2011(3). See, e.g., U.S. Ecology v. State, 258 Neb. 10, 15 (1999); State v. Texel,230 Neb. 810, 818 (1989); Elliot v. City of Plattsmouth, 187 Neb. 165,166 (1971).
 Sincerely, DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General