REQUESTED BY: Harold Clarke, Director Nebraska Department of Correctional Services
You have requested an Attorney General's Opinion with respect to the access of the Office of Public Counsel to inmate medical records given the amendments to Neb. Rev. Stat. § 83-178
(Supp. 2001). Specifically, you ask (1) What manner of consent is required for the Department of Correctional Services to release an inmate's medical records to the Office of Public Counsel, and (2) If the consent to release records is implied by an inmate's complaint to the Office of Public Counsel, whether that complaint should be submitted to the Department of Correctional Services and maintained in the inmate's medical record.
For the reasons enumerated below, it is the opinion of this office that the Office of Public Counsel (hereinafter "Ombudsman") may not review and copy an inmate's medical records without his or her written consent, and that a complaint filed by an inmate with the Ombudsman does not imply consent for the Ombudsman to review and copy an inmate's medical records.
 Question #1: What manner of consent is required for the Department of Correctional Services to release an inmate's medical records to the Office of Public Counsel?
Neb. Rev. Stat. § 83-178 was amended by LB15 and became effective September 1, 2001. In pertinent part, Neb. Rev. Stat. § 83-178(6) states as follows:
Nothing in this section shall be construed to limit in any manner the authority of the Public Counsel to inspect and examine the records and documents of the department . . ., except that the Public Counsel's access to an inmate's medical or mental health records shall be subject to the inmate's consent. (Emphasis added.)
The case law is clear that when the language of a statute is plain and unambiguous, no further interpretation is needed. State v. Johnson, 259 Neb. 942, 613 N.W.2d 459 (2000). The Court has consistently held that, "[i]t is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct or unambiguous out of a statute." State v. Rubio, 261 Neb. 475, 478, 623 N.W.2d 659, 661-662 (2001). See, also, State v. Cuny, 257 Neb. 168, 595 N.W.2d 899 (1999); State v. Gartner, 263 Neb. 153, 638 N.W.2d 849 (2002). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. City of Lincoln v. Nebr. Liquor Control Comm., 261 Neb. 783, 626 N.W.2d 518 (2001). However, a statute is open for construction when the language used requires interpretation or may reasonably be considered ambiguous. State, ex rel. Stenberg v. Moore, 258 Neb. 199, 602 N.W.2d 465 (1999). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. First Data Corp. v. State, 263 Neb. 344, 639 N.W.2d 898 (2002).
In this particular matter, the clear and unambiguous language of Neb. Rev. Stat. § 83-178(6) requires that an inmate give express consent prior to the Ombudsman's access to his or her medical or mental health records. Because the language of the statute is clear, is it not necessary to examine the legislative history in order to ascertain the intent of the Legislature.
Even if we were required to examine the legislative history with respect to LB15 as it amended § 83-178, the opinion of this Office would remain the same. LB15 was amended specifically to add the language that the "Public Counsel's access to an inmate's medical or mental health records shall be subject to the inmate's consent." The discussion of the bill before the Judiciary Committee, and the subsequent amendment to LB15 support the conclusion that express consent of the inmate is necessary prior to release of the inmate's medical or mental health records to the Ombudsman. During the floor debate, however,
Senator Ernie Chambers stated that the Legislature intended to define the word "consent" as follows:
The fact that the inmate files a written complaint with the Ombudsman's Office and the complaint involves medical care or lack thereof, that letter shall be taken as consent of the inmate to have the public counsel have access to his or her records.
The plain and unambiguous meaning of the word "consent" from the statute passed by the Legislature is that the inmate shall specifically give consent before the Ombudsman's Office may review his or her medical records. If it were the desire of the Legislature to define "consent" as Senator Ernie Chambers defined it during the floor debate, such language should have been placed in the statute. As it is, no such language appears anywhere in the statute and the language used clearly states consent must be obtained.
Therefore, it remains our opinion that without express written consent given by an inmate, the Department of Correctional Services should not release the inmate's medical or mental health records to the Ombudsman. An inmate may grant express consent for the release of his or her medical records in any written format. That format could include a letter, either to the Department of Correctional Services or the Ombudsman, which states specifically that the inmate consents to the release of his or her medical records to the Ombudsman; a formal release for medical records prepared by either the Department of Correctional Services or the Ombudsman; or an Inmate Interview Request submitted through the inmate's institution. Any other form of the release should also be acceptable as long as that it is in writing and expressly states that the inmate consents to the release of his or her medical records to the Ombudsman.
 Question #2: If the consent to release records is implied by an inmate's complaint should the complaint be submitted to the Department of Correctional Services and maintained in the inmate's medical record?
For the reasons set forth in the answer to Question #1, it is our opinion that a complaint filed with the Ombudsman does not imply consent to release records. Therefore, no further discussion of this question is necessary.
In conclusion, it is the Attorney General's Opinion that the Office of Public Counsel may not review and copy an inmate's medical or mental health records without that inmate's express written consent.
Sincerely yours,
 DON STENBERG Attorney General
 Jennifer M. Amen Assistant Attorney General
Approved by:
_______________________________ Attorney General