STATE OF NEBRASKA, APPELLEE, V.
WALDO F. WARRINER, APPELLANT.
675 N.W.2d 112

Filed February 20, 2004.   No. S-03-522.

Ronald E. Temple, of Gatz, Fitzgerald, Vetter & Temple, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Waldo F. Warriner appeals from his conviction and sentence for driving under the influence of alcohol. The issue presented in this appeal is whether Warriner violated the Nebraska Rules of the Road, Neb. Rev. Stat. § 60-601 et seq. (Reissue 1998 & Supp. 2001), by driving his pickup truck with the hazard lights activated.

## BACKGROUND

The facts surrounding Warriner's arrest are undisputed. Wallace Holz, a Bloomfield, Nebraska, city police officer, was at the Bloomfield police station in the early morning hours of April 10, 2002, when he saw a pickup truck pass his office with its hazard lights activated. Holz left the office and pursued the truck in his police vehicle. While pursuing the truck, Holz saw the truck weaving within its lane; however, Holz was unable to testify at trial whether the weaving occurred before or after the truck left the city limits of Bloomfield. Holz caught up to and stopped the truck about half a mile outside Bloomfield and identified the driver as Warriner. Holz observed Warriner and suspected that Warriner was under the influence of alcohol. Warriner was arrested, and a subsequent blood test revealed a blood alcohol content of .268 grams of alcohol per 100 milliliters of blood.

Warriner was charged in the county court on April 25, 2002, with driving under the influence, a Class W misdemeanor. Warriner entered a plea of not guilty and filed a motion to suppress evidence resulting from the stop of his vehicle, on the basis that the stop was not based upon reasonable suspicion. On October 28, the county court overruled Warriner's motion to suppress. Warriner was found guilty of driving under the influence and sentenced accordingly. Warriner appealed to the district court, which affirmed the judgment of the county court. Warriner appeals.

## ASSIGNMENTS OF ERROR

Warriner assigns that the county court erred in failing to sustain (1) his motion to suppress and (2) his objection at trial to evidence gathered from the stop of his pickup truck.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress evidence, ultimate determinations of reasonable suspicion are

reviewed de novo by an appellate court, while findings of historical fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge. *State v. Lee*, 265 Neb. 663, 658 N.W.2d 669 (2003).

■ The meaning of a statute is a question of law. *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003).

## ANALYSIS

Warriner argues that the evidence against him is the fruit of an illegal seizure, because, according to Warriner, Holz did not have reasonable suspicion, while inside the city limits of Bloomfield, to pursue and detain Warriner. Neb. Rev. Stat. § 29-215(2)(b) (Cum. Supp. 2002) provides that a police officer,

> if in a fresh attempt to apprehend a person suspected of committing a misdemeanor or a traffic infraction, may follow such person anywhere in an area within twenty-five miles of the boundaries of the law enforcement officer's primary jurisdiction and there arrest and detain such person and return such person to the law enforcement officer's primary jurisdiction[.]

The only ground for suspicion that Warriner had committed a misdemeanor or a traffic infraction, that the record shows to have indisputably occurred within the city limits of Bloomfield, is his operation of his truck with its hazard lights activated. If Warriner's use of his hazard lights was a violation of the Nebraska Rules of the Road, then Holz was authorized to pursue Warriner outside Bloomfield pursuant to § 29-215(2)(b) and had probable cause to stop the vehicle. See *State v. Bartholomew*, 258 Neb. 174, 602 N.W.2d 510 (1999) (traffic violation, no matter how minor, creates probable cause to stop driver of vehicle). Thus, the parties agree that the issue in this appeal is whether use of hazard lights on a moving vehicle violates § 60-6,230, which states:

> (1) Except as provided in sections 60-6,231 to 60-6,233 and subsections (4) and (5) of this section, *no person shall operate any motor vehicle or any equipment of any description on any highway in this state with any rotating or flashing light.*

(2) Except for stop lights and directional signals, which may be red, yellow, or amber, no person shall display any color of light other than red on the rear of any motor vehicle or any equipment of any kind on any highway within this state.

(3) Blue and green lights may be displayed on vehicles of the Military Department for purpose of convoy control when on any state emergency mission.

(4) A single flashing white light may be displayed on the roof of school transportation vehicles during extremely adverse weather conditions.

(5) Blue and amber rotating or flashing lights may be displayed on vehicles used for the movement of snow when operated by the Department of Roads or any local authority.

(Emphasis supplied.)

The term "hazard lights," as we use it here and as it is commonly understood, refers to "an emergency switch for flashing all directional turnsignals simultaneously." See § 60-6,220. Hazard lights on vehicles are generally activated only when a vehicle is disabled or if it is parked where operators of other vehicles need to be warned to use unusual care in approaching, overtaking, or passing it. See, *id.*; *State v. Blair/Vanis*, 171 Or. App. 162, 14 P.3d 660 (2000).

It is evident that the use of hazard lights while driving is proscribed by the plain language of § 60-6,230(1). Hazard lights are undoubtedly "flashing lights," and § 60-6,230(1) plainly prohibits the operation of a motor vehicle, on any highway of this state, with any flashing light, except as otherwise specifically allowed by statute. Statutory language is to be given its plain and ordinary meaning. *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

The Nebraska Rules of the Road explain, in specific provisions, when a flashing or rotating light is acceptable (and often

mandatory). Section 60-6,230 itself explains that military vehicles, school transportation vehicles, and snow removal vehicles may use certain types of rotating or flashing lights. Sections 60-6,231 to 60-6,233 provide for the use of rotating or flashing lights by emergency response vehicles, and § 60-6,232 allows the use of a rotating or flashing amber light by pilot vehicles, vehicles moving extraordinarily large objects, construction or maintenance vehicles, certain government vehicles, and tow trucks. Flashing turn signal lights are required by §§ 60-6,161 and 60-6,226. The use of hazard lights on a disabled vehicle is expressly permitted by §§ 60-6,161 and 60-6,220. These, however, are specific exceptions to the general rule, set forth in § 60-6,230(1), that flashing lights are not to be used on a vehicle being operated on a highway of this state. No specific provision of the Nebraska Rules of the Road establishes an exception to that general rule which would allow the use of hazard lights on a vehicle being operated on the highways of this state. See *State v. Lobato*, 259 Neb. 579, 611 N.W.2d 101 (2000) (special provisions of statute in regard to particular subject will prevail over general provisions in same or other statutes).

Warriner, however, contends that § 60-6,230(1) cannot really mean what it says, because the statute is "clearly aimed toward the regulation of colored flashing lights, such as blue and green flashing lights." Brief for appellant at 12. Warriner sets forth several examples in which he claims a motorist may want to use hazard lights. But it is the function of the Legislature through the enactment of statutes to declare what is the law and public policy of this state. *Volquardson v. Hartford Ins. Co.*, 264 Neb. 337, 647 N.W.2d 599 (2002). The Legislature has done so in unambiguous language, and where the language of a statute is plain and unambiguous, no interpretation is needed, and a court is without authority to change such language. *State v. Rubio*, 261 Neb. 475, 623 N.W.2d 659 (2001).

Nor is the plain language of § 60-6,230(1) unreasonable. As previously noted, hazard lights on vehicles are generally activated only when a vehicle is disabled or if it is parked where operators of other vehicles need to be warned to use unusual care in approaching, overtaking, or passing it. The use of hazard lights on a vehicle being operated on a roadway could prove distracting

or dangerous to other drivers, who would be unable to ascertain what, if anything, was meant by the hazard lights and who might assume that the vehicle was on the shoulder when it was not. See, e.g., *Wolkenhauer v. Smith*, 822 F.2d 711 (7th Cir. 1987) (semi-tractor trailer collided with vehicle pushing malfunctioning pickup truck because semitractor trailer driver saw hazard lights and assumed vehicles were on shoulder). Furthermore, because all the turn signals on a vehicle are activated by the hazard lights, other drivers would be unable to tell if the vehicle intended to maintain its course, change lanes, or turn.

In short, while a statute may be construed to avoid injustice or an absurd consequence, see *State v. Hochstein and Anderson*, 262 Neb. 311, 632 N.W.2d 273 (2001), § 60-6,230(1) is neither unjust nor absurd. There is no merit to Warriner's argument that the plain language of the statute should not be given effect and, consequently, no merit to Warriner's assignments of error.

## CONCLUSION

The plain language of § 60-6,230(1) proscribes the use of hazard lights on a vehicle being operated on the highways of this state. Consequently, because Holz observed Warriner violating the Nebraska Rules of the Road, while in the city of Bloomfield, Holz was authorized to pursue and stop Warriner's vehicle. The subsequent arrest of Warriner and his resulting conviction and sentence are not the fruits of an illegal seizure, and the county court did not err in overruling Warriner's motion to suppress evidence or his subsequent objections to evidence at trial. The judgment of the district court, which affirmed the judgment of the county court, is affirmed.

AFFIRMED.