STATE OF NEBRASKA, APPELLEE, V.
PATRICK R. HILL, APPELLANT.
677 N.W.2d 525

Filed April 13, 2004. No. A-03-516.

David L. Kimble, Seward County Public Defender, for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Patrick R. Hill appeals his conviction and sentence on a charge of possession of methamphetamine. On appeal, Hill challenges the district court's order overruling his motion to suppress, the sufficiency of the evidence to support the conviction, and the sentence imposed by the district court. We find no merit to Hill's assertions, and we affirm.

## II. BACKGROUND

The events which gave rise to this case occurred on November 5, 2001. On that date, Gregory Sims, a narcotics investigator for the Lincoln Police Department, observed Hill driving a vehicle within the city limits of Lincoln. Sims had prior information concerning Hill and alleged manufacture of methamphetamine, so Sims began to follow Hill. As Sims continued to follow Hill, Hill left the city limits of Lincoln and moved toward Milford, in Seward County.

While following Hill, Sims was in contact with the dispatcher in Lincoln and was made aware that there was an outstanding arrest warrant for Hill on a charge of failure to appear in Lancaster County Court. Approximately 1 mile outside the city limits of Milford, Hill pulled the vehicle he was driving over to the side of the road. Sims believed that Hill stopped to find out why Sims had been following him. Sims testified that he did nothing to cause Hill to stop his vehicle.

While Sims had been following Hill and had been in contact with the dispatcher in Lincoln, information concerning Sims' actions in following Hill had been communicated to the Seward County Sheriff's Department. Sims testified that when Hill stopped the vehicle he was driving and Sims contacted Hill, Sims was aware that "the sheriff's department was fairly close" to the scene, so Sims handcuffed Hill and detained him until local law enforcement officers arrived. Sims testified that he handcuffed Hill for officer safety, because Sims had information about Hill concerning methamphetamine and because Sims was aware of the effects of methamphetamine.

The Milford chief of police arrived "within one minute" of Sims' detention of Hill. The Seward County Sheriff's Department had requested the Milford chief of police's assistance, and "shortly after" his arrival, a deputy from the sheriff's department arrived. The deputy testified that he was made aware of the outstanding warrant concerning Hill after arriving at the scene. Hill was arrested by a local law enforcement officer and was transported to a Seward County correctional facility. At the correctional facility, Hill was searched and a substance which later tested positive for methamphetamine was located on his person.

On December 13, 2001, Hill was charged with possession of methamphetamine. Hill pled not guilty on January 29, 2002. On February 21, Hill filed a motion to suppress, in which he challenged the detention by Sims and alleged that Sims was without authority to detain Hill because Sims was outside his jurisdiction at the time of the detention. On July 29, the district court denied Hill's motion to suppress. After a bench trial, the court, on December 19, entered a verdict of guilty. On April 8, 2003, the court sentenced Hill to a term of 20 months' to 2 years' imprisonment. This appeal followed.

### III. ASSIGNMENTS OF ERROR

On appeal, Hill has assigned three errors. First, Hill asserts that the district court erred in overruling his motion to suppress. Second, Hill asserts that there was insufficient evidence to support the district court's finding of guilt. Third, Hill asserts that the sentence imposed by the district court is excessive.

 

## IV. ANALYSIS

### 1. MOTION TO SUPPRESS

The issue raised on appeal concerning Hill's motion to suppress is whether Sims had authority to detain Hill when the detention occurred outside Sims' jurisdiction. Hill argues that Sims was without authority because the local law enforcement agencies had not requested Sims' assistance and because Sims had not personally witnessed any felony or misdemeanor offense. We conclude that Sims had authority to briefly detain Hill because Hill was a fugitive subject to an outstanding arrest warrant.

The district court based its determination that Sims had authority to detain Hill, in part, on a reading of Neb. Rev. Stat. § 29-215(2)(c)(ii) (Cum. Supp. 2002). Section 29-215(2) provides that a law enforcement officer who is beyond his primary jurisdiction "shall have . . . enforcement and arrest and detention authority when responding to a call in which a local, state, or federal law enforcement officer . . . needs assistance in making an arrest." We find that the record does not support basing Sims' authority on this provision.

The record in this case does not indicate that any local law enforcement agency, either the Seward County Sheriff's Department or the Milford Police Department, ever requested Sims' assistance in making an arrest. In fact, the record does not indicate that either of the local law enforcement departments, prior to arriving at the scene, intended to make an arrest. The deputy from the Seward County Sheriff's Department, in fact, testified that he was not made aware of the existence of the outstanding arrest warrant until after he arrived at the scene, which was after Sims had already detained Hill. As such, we find that § 29-215(2)(c)(ii) does not provide a basis for Sims' authority to detain Hill.

Nonetheless, we find that the district court was correct in concluding that Sims did have authority to briefly detain Hill. Neb. Rev. Stat. § 29-205 (Reissue 1995) provides:

> If any person or persons who may be charged with the commission of a crime or offense made punishable by the laws of this state shall abscond or remove from the county in which such crime or offense is charged to have been

committed, it shall be lawful for any sheriff *or other person to apprehend the person or persons so charged* . . . .
(Emphasis supplied.)

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Cuny*, 257 Neb. 168, 595 N.W.2d 899 (1999). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Id.*

We read § 29-205 to give authority to detain a person who has been charged with the commission of a punishable offense and who has left the jurisdiction in which the offense occurred. Section 29-205 specifically refers to "any person or persons who *may be charged* with the commission of a crime" and further provides that if such a person leaves "the county in which such crime or offense *is charged to have been committed* . . . the person or persons *so charged*" may be detained. (Emphasis supplied.) Read together, we find that the plain, direct, and unambiguous language of this statute gives authority to detain a person who is subject to an outstanding arrest warrant, since a person subject to an outstanding arrest warrant has been charged with the commission of a punishable crime. The record in this case clearly indicates that Hill was subject to an outstanding arrest warrant, so Hill fits within the class of people for whom detention is authorized by the statute.

We further find that the authority to detain was given to Sims under the statute. The language of § 29-205 gives the authority to detain to "any sheriff *or other person.*" (Emphasis supplied.) The phrase "other person" is not otherwise defined or limited by the statute or by subsequent case law. We need not decide in this case how broad the phrase "other person" should be construed, except to conclude that the phrase should be extended to a law enforcement officer such as Sims, who was in the process of investigating a crime and was following a suspect when he became aware of an outstanding arrest warrant.

The record in this case indicates that Sims, aware of an outstanding arrest warrant, came into contact with Hill after Hill

voluntarily stopped his vehicle. Sims was investigating Hill for methamphetamine-related conduct, and Sims knew that local law enforcement officers, including the Seward County Sheriff's Department, were nearby and would be on the scene in a short amount of time. Sims further concluded that based on Hill's alleged involvement with methamphetamine, officer safety required the handcuffing of Hill. The record further indicates that Sims' detention of Hill lasted for only approximately 1 minute before local law enforcement officers, whose authority is not at issue on appeal, arrived on the scene and effected a lawful arrest. On these facts, we conclude that Sims had authority, pursuant to § 29-205, to briefly detain Hill. See, also, *State v. Roach*, 234 Neb. 620, 452 N.W.2d 262 (1990) (validity of arrest and search not dependent on officer's knowledge that proper basis exists, but only on actual existence of proper basis). This assigned error is without merit.

## 2. SUFFICIENCY OF EVIDENCE

Hill next asserts that there was insufficient evidence to support the district court's finding of guilt. Specifically, Hill argues that because the record indicates there was an insufficient amount of the "substance" which tested positive as methamphetamine to be weighed, the record was insufficient to support a finding that he exercised dominion over anything. As the Nebraska Supreme Court has previously done, we reject this assertion.

In *State v. Thompson*, 244 Neb. 189, 505 N.W.2d 673 (1993), the Nebraska Supreme Court was faced with a significantly similar argument. In *Thompson*, the defendant argued that because the forensic chemist for the State was unable to ascribe either weight or size to the substance submitted for testing, the State failed to prove its case. The Supreme Court rejected this assertion, stating that pursuant to the statutes under which the defendant was convicted, there was no minimum amount of the drug required for conviction. Unless a statute specifically provides otherwise, it matters not how much of a controlled substance one possesses; under such a circumstance, the quantity possessed is not an essential element of the crime. *Id.* For the same reason, we reject Hill's assertion in this case and find this assignment of error to be without merit.

### 3. Excessive Sentence

Finally, Hill asserts that the sentence imposed by the district court was excessive. Hill does not argue that the sentence imposed was beyond the statutory limits, but, rather, that the court should have sentenced him to probation instead of incarceration. We reject Hill's assertion.

Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Segura,* 265 Neb. 903, 660 N.W.2d 512 (2003). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

As noted, there is no assertion in this case that the sentence imposed was outside the statutory limits. The district court sentenced Hill to a term of 20 months' to 2 years' imprisonment, but also ordered the sentence to be served concurrently with an unrelated sentence Hill was serving. The presentence investigation report in this case includes prior convictions for possession and attempted possession of controlled substances, prior convictions for theft, a prior violation of probation, and a prior failure to appear. Hill's sentence does not demonstrate an abuse of discretion, and this assignment of error is meritless.

### V. CONCLUSION

We find Hill's assertions on appeal to be without merit. We find that Sims had authority to briefly detain Hill because Sims was aware of an outstanding arrest warrant for Hill from the county Sims had followed Hill from. We find that the evidence was sufficient to support the district court's finding of guilt. We also find that the sentence imposed was not an abuse of discretion. The judgment of the district court is affirmed.

AFFIRMED.