834 N.W.2d 609 (2013). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *State v. Bossow*, 274 Neb. 836, 744 N.W.2d 43 (2008). I do not see how we can read "use of force" or "[a]ctor shall mean any person who uses force," see § 28-1406(4), out of §§ 28-1406 through 28-1416. This is a marijuana possession with intent to deliver case. It does not involve the use of force, and accordingly, the "Justification for Use of Force" statutes are legally unavailable to Beal. In my opinion, that should be the end of our judicial inquiry on that issue.

---

STATE OF NEBRASKA, APPELLEE, V.
CHRISTOPHER D. ELLIOTT, APPELLANT.

___ N.W.2d ___

Filed April 22, 2014.    No. A-13-522.

1. **Sentences: Appeal and Error.** A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.
2. **Statutes.** Statutory language is to be given its plain and ordinary meaning.
3. ____. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning.
4. ____. It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.
5. **Criminal Attempt: Weapons: Sentences.** Attempted use of a deadly weapon to commit a felony is not a crime defined in Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2012), and therefore, it does not carry a mandatory consecutive sentence.
6. **Sentences.** It is within the discretion of the trial court to direct that sentences imposed for separate crimes be served consecutively.
7. ____. The test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count and whether some additional evidence is required to prove one of the other offenses.

Appeal from the District Court for Lancaster County: STEVEN D. BURNS, Judge. Affirmed.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Inbody, Chief Judge, and Irwin and Riedmann, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Christopher D. Elliott appeals his plea-based convictions of robbery and attempted use of a firearm to commit a felony. Elliott asserts that the district court abused its discretion by imposing excessive sentences and ordering his sentences to be served consecutively. Finding no merit to Elliott's assigned errors, we affirm.

## II. BACKGROUND

On November 5, 2012, the State filed an information in the district court for Lancaster County charging Elliott with robbery, a Class II felony, and use of a firearm to commit a felony, a Class IC felony. Pursuant to a plea agreement, the State amended the use of a firearm charge to attempted use of a firearm, a Class II felony, and agreed not to file any additional charges arising out of this incident. Elliott entered a plea of guilty to robbery and a plea of no contest to attempted use of a firearm to commit a felony.

Before accepting his pleas, the district court thoroughly advised Elliott regarding the rights he was waiving and the potential penalties he faced, all of which Elliott indicated he understood. The court initially advised Elliott that the sentence imposed for attempted use of a firearm would be ordered to run consecutively to the sentence imposed for robbery. However, the district court later changed its advisement after Elliott's counsel requested clarification on the issue. The following exchange occurred:

> [Defense counsel]: . . . I think when you told [Elliott] what the penalty was, you advised him that the penalty on Count II had to be consecutive to Count I. I advised him that that penalty could be concurrent or consecutive. It's not a use — it's an attempted use — and that it was in your discretion whether you ran that concurrently or consecutively.

        So I wanted to clarify that with my client because I
    told him a little differently.
        THE COURT: And you are accurate on an attempt. You
    are accurate. It could either be concurrent or consecutive,
    the sentence.
    The State provided a factual basis to support the pleas, as
summarized below:
    Shortly after 5 a.m. on August 3, 2012, Lincoln Police
received a report of a home invasion robbery near 15th and
Whittier Streets in Lincoln, Lancaster County, Nebraska. Upon
arrival, officers observed two men fleeing from the back of the
residence. Both men were apprehended after a short foot pur-
suit; they were identified as Elliott and Clyde Flemons. A third
suspect was believed to have driven off.
    Officers made contact with one of the victims, Amon
Whitlow, who was bleeding due to injuries on his forehead
and lip as well as an open laceration on the top rear portion
of his head. Whitlow reported that he was going out to his car
to go to work around 5 a.m. when Elliott approached him and
asked "to borrow his phone." Elliott then pulled out a gun,
which Whitlow described as "a short Tech 9 or oozie-style
firearm" with a clip and shoulder strap. Flemons approached
from the south side of the house and pointed a small silver- or
chrome-colored gun at Whitlow. A third, unidentified male
also approached.
    Elliott and Flemons began hitting Whitlow in the head
with their guns and fists and then led him inside the house,
demanding to know where money and marijuana were located.
Whitlow told them he did not sell marijuana any more, but
they continued beating him and threatened to kill him and his
family. Whitlow's wife, who was 8 months pregnant at the
time, was forced to take one of the men through the house to
search for money and drugs. At one point, Flemons grabbed
Whitlow's 2-year-old son, pointed a gun at the child's head,
and threatened to shoot him. Whitlow's wife grabbed the child
from Flemons and retreated to a back bedroom, where she
and her five children escaped out a window. Meanwhile, a
struggle ensued between Elliott and Whitlow. Elliott fired his
weapon, but Whitlow was not struck. Whitlow gave the men

approximately $2,400 that he and his wife had been saving for a trip. They took the money, and Whitlow was able to escape "out the back."

Officers located a .45-caliber shell casing in the living room of the residence and discovered that the bullet had traveled through the living room floor and the basement ceiling and was lodged in the wall of one of the children's bedrooms. Officers also recovered two firearms: (1) a black .45-caliber "ACP MasterPiece Arms machine pistol" with a loaded magazine and a round in the chamber, "located near . . . Elliott" and similar to the "oozie-style firearm" that Whitlow described, and (2) a black 9-mm pistol with five rounds in the magazine and one in the chamber, located in the backyard of a nearby residence where Flemons ran during the foot pursuit. Officers also found blood spatters in the residence that corresponded with Whitlow's statement describing the incident.

Elliott was interviewed by law enforcement. He initially denied any involvement in the robbery, but eventually acknowledged that he and two other men went to the house with the intent to rob the owner, who was rumored to be a drug dealer in possession of $20,000 cash. Elliott maintained, however, that he brought only pepper spray to the residence and that he had been downstairs when the firearm discharged.

The district court accepted Elliott's pleas and found him guilty beyond a reasonable doubt of both offenses. Elliott was sentenced to 15 to 20 years' imprisonment for robbery and 4 to 6 years' imprisonment for attempted use of a firearm to commit a felony, to be served consecutively. Elliott timely appeals.

## III. ASSIGNMENTS OF ERROR

Elliott assigns two errors on appeal. He alleges the district court abused its discretion by (1) imposing excessive sentences and (2) ordering his sentences to be served consecutively.

## IV. STANDARD OF REVIEW

[1] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012).

## V. ANALYSIS

### 1. Excessive Sentences

The crimes of which Elliott was convicted are Class II felonies, punishable by a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. §§ 28-105, 28-201(4)(a), and 28-1205(1)(c) (Cum. Supp. 2012). Elliott's sentences are well within the statutory limits, and he received a substantial benefit from the plea agreement reached with the State. As originally charged, Elliott faced a Class IC felony, punishable by a mandatory minimum of 5 years' imprisonment and a maximum of 50 years' imprisonment. See §§ 28-105 and 28-1205(1)(c). The original charge also required a consecutive sentence. See § 28-1205(3).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *Id*. But the appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Elliott was 21 years old at the time of sentencing. The presentence report reflects that Elliott's criminal activity began in 2006, when he was just 15 years old. He was charged in juvenile court for disturbing the peace, but the case was later dismissed. In 2007, Elliott was adjudicated for two counts of unauthorized use of vehicles. He was committed to a youth rehabilitation and treatment center and escaped from that facility less than 2 months later. Elliott's adult convictions include

obstructing a police officer and two counts of attempted criminal mischief involving $1,500 or more.

Although his criminal history is relatively minor, the present offenses are very serious and were committed in an extremely violent manner. The evidence shows that Elliott was an active participant in an armed robbery during which Whitlow was badly beaten and the lives of Whitlow's pregnant wife and 2-year-old child were threatened at gunpoint. Elliott wielded an automatic machine pistol during the robbery and fired a shot during a struggle with Whitlow.

Elliott argues on appeal that the trial court failed to give adequate weight to mitigating circumstances, including his age, lack of a significant criminal history, lack of any criminal history involving violence, drug and alcohol addiction and mental health problems, strong family ties and support, obligations as a father, willingness to accept responsibility for his actions, and demonstrated remorse for his involvement in the offense. However, all of this information was presented to the district court before it imposed Elliott's sentences. The district court indicated that it considered the presentence report, as well as the comments provided at sentencing and the applicable statutes. There is no evidence that the district court failed to properly consider all of the relevant factors in imposing Elliott's sentences.

Given the serious and violent nature of these offenses, we cannot say that the district court abused its discretion by imposing sentences within the statutory limits.

## 2. CONSECUTIVE SENTENCES

### (a) Attempted Use of Firearm Does Not Require Consecutive Sentence

In his second assignment of error, Elliott asserts that the district court abused its discretion by ordering his sentences to be served consecutively. He argues that one of the potential benefits of his plea agreement was that it reduced the use of a firearm charge, a conviction of which carried a mandatory consecutive sentence, to attempted use of a firearm, which permitted the court to impose concurrent sentences. Elliott

argues that concurrent sentences are appropriate because both offenses arose out of a single transaction.

At the plea hearing, the judge initially advised Elliott that the sentence imposed on count II would be ordered to run consecutively. Defense counsel then reminded the judge that the use of a firearm charge had been amended to attempted use and stated that a consecutive sentence was not mandatory. The judge agreed, stating, "It could either be concurrent or consecutive, the sentence."

Counsel has not provided us with any authority that governs whether a sentence for attempted use of a firearm must be served consecutively, as required by § 28-1205(3), or whether it can be ordered to be served concurrently, and our research has not disclosed any. Therefore, this appears to be a question of first impression.

Section 28-1205(3) provides that crimes of use or possession of a firearm are separate offenses from the felony being committed and that therefore, the sentence imposed shall be consecutive to any other sentence imposed. Had Elliott been convicted of the original charge of use of a firearm to commit a felony, the sentencing judge would have been statutorily required to order consecutive sentences. The State reduced the use charge, however, to attempted use pursuant to § 28-201(4)(a).

Section 28-1205(1)(a) defines the offense of use of a deadly weapon to commit a felony, and § 28-1205(2)(a) defines the offense of possession of a deadly weapon during the commission of a felony. The language of § 28-1205(3) states: "The crimes *defined in this section* shall be treated as separate and distinct offenses from the felony being committed, and sentences imposed *under this section* shall be consecutive to any other sentence imposed." (Emphasis supplied.)

[2-5] Statutory language is to be given its plain and ordinary meaning. *State v. Ohlrich*, 20 Neb. App. 67, 817 N.W.2d 797 (2012). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Id*. It is not within the province of a court to read a meaning into a statute that is not warranted by the

language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004). Applying the plain language of the statute as written in § 28-1205(3), it is only those "crimes defined in this section" that are treated as distinct offenses from the felony committed, and only the "sentences imposed under this section" that are required to be consecutive to any other sentence imposed. When the State amended its charge to attempted use of a firearm to commit a felony, the State was no longer proceeding under § 28-1205, but, rather, was charging Elliott under § 28-201. Therefore, Elliott did not plead to a crime defined under § 28-1205 and the sentence imposed was not a sentence imposed under § 28-1205. As a result, the sentencing judge was not statutorily required to impose a consecutive sentence.

We are mindful that the legislative purpose in enacting § 28-1205 was to discourage individuals from employing and carrying deadly weapons while they commit felonies, in order to prevent the threat of violence and accompanying danger to human life present whenever one has a deadly weapon during the commission of a felony. *State v. Miller*, 284 Neb. 498, 822 N.W.2d 360 (2012); *State v. Garza*, 256 Neb. 752, 592 N.W.2d 485 (1999). Applying the statute to attempted use of a firearm may, in many circumstances, be consistent with and in furtherance of this purpose. However, "[i]t is the province of the legislative branch, not the judiciary, to define criminal offenses within constitutional boundaries. '[J]udicial construction is constitutionally permissible, but judicial legislation is not.'" *State v. Smith*, 282 Neb. 720, 732, 806 N.W.2d 383, 393 (2011), quoting *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998) (Wright, J., concurring; Connolly and Gerrard, JJ., join). To include the crime of attempted use of a firearm to commit a felony within the confines of § 28-1205 would be judicial legislation.

Elliott did not plead to either use of a firearm or possession of a firearm. Under the plain language of § 28-1205, absent one of those two crimes, a consecutive sentence is not required. Therefore, we conclude that the sentencing judge

was not required to impose a consecutive sentence in this case. We must therefore determine whether he abused his discretion in doing so.

### (b) Trial Court Did Not Abuse Its Discretion by Imposing Consecutive Sentences

[6,7] It is within the discretion of the trial court to direct that sentences imposed for separate crimes be served consecutively. *State v. Andersen*, 238 Neb. 32, 468 N.W.2d 617 (1991). The test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count and whether some additional evidence is required to prove one of the other offenses. See *id*.

Here, it is clear that robbery and attempted use of a firearm to commit a felony are separate offenses containing different elements. See §§ 28-201 and 28-1205 and Neb. Rev. Stat. § 28-324 (Reissue 2008). Additional evidence is necessary to prove the elements of attempted use of a firearm than that which is necessary to prove the elements of robbery. Thus, it was in the district court's discretion to impose consecutive rather than concurrent sentences for the separate crimes. The sentencing judge recognized this discretion and agreed with defense counsel's statement that the sentence on the attempt charge could be either concurrent with or consecutive to the sentence for robbery. Based upon the facts set forth above, we find no abuse of discretion in the trial court's order of consecutive sentences.

### VI. CONCLUSION

Because the crime of attempted use of a firearm to commit a felony is not included in § 28-1205, it does not carry a mandatory consecutive sentence. However, because it is a separate crime from robbery, the district court had discretion to impose consecutive sentences. The district court did not abuse its discretion in imposing Elliott's sentences. Accordingly, we affirm.

AFFIRMED.