As such, the guaranty was complete, and by its terms, it was enforceable against Sears as to all amounts that the court found owing from Hungry's to Braunger Foods.

## CONCLUSION

We conclude that the Court of Appeals erred when it determined that the guaranty was not enforceable against Sears and when it therefore affirmed the district court's order. We reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions to reverse the decision of the district court as it pertains to Sears' guaranty and to remand the cause to the district court with directions to enter judgment against Sears in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

MILLER-LERMAN, J., participating on briefs.

———————————

STATE OF NEBRASKA, APPELLEE, V.
GARY L. SIKES, APPELLANT.
___ N.W.2d ___

Filed June 14, 2013.   No. S-12-399.

1.  **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

2.  **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

3.  **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

4.  **Sentences.** In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors.

5.  ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life.

6.  ____. A sentence at the maximum limit is still within that limit—it is only if the sentence exceeds the statutory limit that it becomes "excessive" as a matter of law.

Appeal from the District Court for Hall County: WILLIAM T. WRIGHT, Judge. Affirmed.

Vicky A. Kenney and Matthew Works, Deputy Hall County Public Defenders, for appellant.

Jon Bruning, Attorney General, George R. Love, and Dain J. Johnson, Senior Certified Law Student, for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Gary L. Sikes pled guilty to driving under the influence, third offense, a Class W misdemeanor. The district court for Hall County accepted Sikes' plea and found him guilty. It sentenced him to 365 days' imprisonment with 1 day's credit for time served, fined him $600, and revoked his driver's license for a period of 15 years. The district court further ordered that after a 45-day no-driving period, if Sikes chooses to drive, he must obtain an ignition interlock permit, install an interlock device on each motor vehicle he owns or operates, and utilize a continuous alcohol monitoring (CAM) device for the entire 15-year revocation. Sikes appeals, claiming various errors with respect to the sentence and sanctions imposed. We determine that no error occurred, and we affirm.

## STATEMENT OF FACTS

Sikes was originally charged in the district court with fourth-offense driving under the influence, a Class IIIA felony. Pursuant to a plea agreement, Sikes pled guilty to the amended information charging him with third-offense driving under the influence, a Class W misdemeanor. The district court accepted his plea and found him guilty. The district court ordered a presentence investigation.

The factual basis for the plea indicates that on July 27, 2011, Sikes was pulled over in Grand Island, Hall County, Nebraska, for a driving infraction. Upon making contact with Sikes, the law enforcement officer detected impairment. A sobriety test was conducted by a certified drug recognition expert who determined that Sikes was driving under the influence of marijuana. A crime laboratory later tested a sample of Sikes'

urine and detected marijuana. Sikes stipulated that before this incident, he had two prior convictions for driving under the influence.

Sikes appeared for sentencing on April 11, 2012. The record shows that defense counsel urged the court to consider probation, but the district court rejected this proposal. In explaining its decision not to place Sikes on probation, the district court emphasized that although Sikes was pleading guilty to the crime of third-offense driving under the influence, the presentence investigation report indicated that it was actually Sikes' seventh offense of either driving while intoxicated or driving while under the influence. The court further noted that within the last 5 years, between December 2006 and July 2011, Sikes had been convicted of the offense of driving under the influence of either alcohol or another substance four times. The court addressed Sikes at sentencing and stated that

> not only did you become intoxicated or use, you chose to drive at the same time. The element of the offense that creates the risk and the circumstances that you are in is that you chose to drive. From 2006 to present date, you chose to drive five times while under the influence of either alcohol or some other substance.

> Quite frankly, I think your counsel did an excellent job for you in getting this pled down from a 4th [offense] to a 3rd, because rather than looking at jail time, you would be looking at prison. You are a significant danger to the people of Grand Island and the people of Hall County. You are a significant danger to the people of this state because you repeatedly chose to drive while under the influence. I can't, in good conscience, place you on probation simply to allow you to go through the same treatment you've been through before and put the rest of us at risk.

> Based upon the Court's review of the record in this case, the presentence investigation prepared, and the foregoing factors, I have determined you're not a candidate for probation because there is a substantial risk that you will continue your criminal conduct, and you are in

need of correctional treatment best provided by a correctional facility, and any less sentence would depreciate the seriousness of your crime, which is significant, but also promote disrespect for the law.

Quite frankly, sir, you've got an attitude that doesn't stop. You've got an attitude that society is mistreating you because it sanctions you when you become under the influence of something and then drive. It's an attitude I'll have to change.

As noted above, the district court sentenced Sikes to 365 days' imprisonment with 1 day's credit for time served, fined him $600, and revoked his license for 15 years. The district court stated that after a 45-day period of no driving, if Sikes chooses to drive, he must obtain and install an ignition interlock device on each motor vehicle he owns or operates and that he must retain a permit and the ignition interlock device for the entire 15-year period. At the hearing, the district court further stated that Sikes "must, during any period of time that [he is] driving following [his] release from confinement, use a [CAM] device for the entire 15 year period of [his] revocation."

In its written order, filed April 12, 2012, the district court ordered the same terms as orally pronounced, except that in connection with the use of the CAM device, the written order added the additional phrase that Sikes must "abstain from alcohol use" for the period of interlock revocation.

Sikes appeals.

## ASSIGNMENTS OF ERROR

On appeal, restated, Sikes claims that (1) it was error for the district court to order him to use a CAM device, because the monitoring of alcohol use is not related to the facts underlying his current conviction, namely, having driven under the influence of marijuana; (2) it was error for the district court to state in its written order that Sikes must abstain from alcohol use during the interlock revocation period because in its oral pronouncement the court did not include abstention from alcohol use as a sanction; and (3) the sentence and sanctions imposed were excessive.

## STANDARDS OF REVIEW

[1] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Medina-Liborio*, 285 Neb. 626, 829 N.W.2d 96 (2013).

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Watt*, 285 Neb. 647, ___ N.W.2d ___ (2013).

## ANALYSIS

Sikes assigns three errors. Each of the assigned errors is governed by the Nebraska Rules of the Road, Neb. Rev. Stat. §§ 60-601 through 60-6,381 (Reissue 2010). Sikes seeks a ruling analyzing the propriety of the sentence and sanctions imposed. We find his appeal proper and consistent with § 60-6,197.03(4) (providing that order "shall be administered upon . . . final judgment of any appeal"). Compare S*tate v. Schreiner*, 276 Neb. 393, 754 N.W.2d 742 (2008), and *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998) (stating that constitutional challenges to potential penalties not ripe).

*Ordering the Use of a CAM*
*Device Was Not Error.*

In his first assignment of error, Sikes asserts that in the instant case, he was convicted of driving under the influence of marijuana, and that since a CAM device is used to detect the presence of alcohol in a person's system, see § 60-614.01, the order directing him to utilize a CAM device is unrelated to the offense for which he was convicted. Sikes misconstrues the law, and there is no merit to this assignment of error as presented.

In this case, Sikes was convicted of his third offense of driving under the influence. Section 60-6,196(1) provides that "[i]t shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle . . . (a) [w]hile under the influence of alcoholic liquor or of any drug." Section 60-6,196(2) provides that "[a]ny person who operates or is in

the actual physical control of any motor vehicle while in a condition described in subsection (1) of this section shall be guilty of a crime and upon conviction punished as provided in sections 60-6,197.02 to 60-6,197.08."

Sikes is guilty of violating § 60-6,196(1)(a), and therefore, he is subject to the sanctions provided for violating § 60-6,196. A person convicted of his or her second or subsequent violation of § 60-6,196 is subject to the sanction of using a CAM device. See § 60-6,197.01(2). This conviction was deemed Sikes' third conviction for driving under the influence.

In this case, Sikes bears the status of an individual convicted of § 60-6,196(1)(a), third offense. He is subject to all statutorily authorized restrictions therefor. The sanction of using a CAM device is statutorily authorized for a person convicted of third-offense driving under the influence. Accordingly, the district court did not err when it ordered that Sikes use a CAM device.

*Ordering the Abstention From Alcohol Use in Connection With the Use of a CAM Device for the Interlock Period of Revocation Was Not Error.*

In his second assignment of error, Sikes claims that because the oral pronouncement did not specify abstention from alcohol use, he should not have been ordered to abstain from alcohol use in connection with his use of a CAM device during the interlock revocation period, as the written order provided. Because abstention from alcohol use in connection with the use of a CAM device during the interlock revocation period is required by statute in this case, we find no merit to this claim.

The State has provided a helpful summary of the applicable law as follows:

If the sentencing court elects to provide the defendant[s] with the interlock option, the court can further require that they are outfitted with a CAM device and refrain from the use of alcohol for a period of time not to exceed the maximum term of license revocation ordered by the court. Neb. Rev. Stat. § 60-6,197.01(2). The district court

> in the present instance elected to give Sikes the option to acquire interlock and CAM devices if Sikes chooses to continue driving.

Brief for appellee at 9. Given the law, the State urges us to reject Sikes' second assignment of error. We agree with the State that this assignment of error is without merit.

To understand the basis for our rejection of Sikes' claim, we must review numerous statutes. Pursuant to § 60-6,197.03(4), a person convicted of driving under the influence who has had two prior convictions is guilty of a Class W misdemeanor and subject to the penalties and sanctions therefor. Section 60-6,197.03(4) provides that the court shall revoke the convicted person's operator's license for 15 years and "issue an order pursuant to section 60-6,197.01."

In order for the convicted person to operate a motor vehicle during revocation, pursuant to § 60-6,197.01(1)(b), the court shall issue an order that a person convicted of a second or subsequent violation of driving under the influence obtain an ignition interlock permit and install an ignition interlock device on each vehicle the person owns or operates. Pursuant to § 60-6,197.01(2), if a person is convicted of his or her second or subsequent violation of driving under the influence, in addition to the interlock device, the court "may" order the use of a CAM device. Under § 60-6,197.01(2), however, "[a CAM] device shall not be ordered for a person convicted of a second or subsequent violation unless the installation of an ignition interlock device is also required."

Reading § 60-6,197.01(1)(b) and (2) together, the statute provides that in order for a person convicted of his or her second or subsequent offense of driving under the influence to operate a motor vehicle during revocation, the court shall require an ignition interlock device and may order the use of a CAM device. But if a CAM device is ordered, the court shall also order the use of an ignition interlock device.

[3] With respect to the conditions associated with the use of a CAM device, Sikes contends that even though the use of a CAM device has been ordered, a convicted person need not abstain from alcohol use. We reject this assertion. Section 60-6,211.05 provides for the statutorily required

conditions associated with the use of a CAM device. Section 60-6,211.05(2) provides that where the court has ordered the use of a CAM device, the terms of the use of the CAM device shall be the "use of a [CAM] device and abstention from alcohol use at all times." We have stated that statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Blaser v. County of Madison*, 285 Neb. 290, 826 N.W.2d 554 (2013). Under the plain language of § 60-6,211.05(2), if the court orders the use of a CAM device, the convicted person using the CAM device must abstain from alcohol use at all times.

In connection with his assignment of error, Sikes urges us to strike the additional matter in the written order, such that the order to abstain from alcohol use while using a CAM device would be eliminated. Sikes refers us to *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000), and argues that an oral sentencing pronouncement controls over a subsequent written order. Given the facts in this case, the principles in *Schnabel* do not control.

We acknowledge that there is some difference between the oral pronouncement and the language of the written order regarding the utilization of the CAM device. At the hearing, the district court orally stated that Sikes "must, during any period of time that [he is] driving following [his] release from confinement, use a [CAM] device for the entire 15 year period of [his] revocation." In its written order, the district court included the additional phrase, which states that in connection with the use of the CAM device, Sikes must "abstain from alcohol use" for the period of interlock revocation.

Although the oral pronouncement is not precisely the same as the written order, the oral pronouncement was sufficient. It was not a mispronouncement in need of correction. Compare *State v. Clark*, 278 Neb. 557, 772 N.W.2d 559 (2009) (stating erroneous oral pronouncement of sentence gave defendant more credit for time served than reflected by record, and thus district court had authority to correct this error in its written sentencing order). As explained above, the ordering of

the use of a CAM device is by operation of law ordering the convicted person to utilize the CAM device at all times and abstain from alcohol use at all times. See § 60-6,211.05(2). Thus, when the district court orally stated that Sikes must use a CAM device, pursuant to the statutes, it was effectively ordering Sikes to use the CAM device and abstain from alcohol use at all times.

As a general matter, it would be preferable for a sentencing court to orally state that the convicted person was to use the CAM device at all times during the period of revocation and that the convicted person must, as a consequence of using the CAM device, also abstain from alcohol use at all times; however, failure to do so does not invalidate the oral pronouncement or result in any meaningful discrepancy with the written order. The statutes control and amplify the sanctions; and the statutes require that where utilization of the CAM device has been ordered, the convicted person must abstain from the use of alcohol at all times. In sum, we determine that the oral pronouncement was sufficient and not meaningfully different from the written order and that the written order to abstain from alcohol use was not erroneous. We find no merit to Sikes' second assignment of error.

*The Sentence and Sanctions Were*
*Not an Abuse of Discretion.*

For his third assignment of error, Sikes claims that the district court abused its discretion because it imposed an excessive sentence. We find no merit to this assignment of error.

[4-6] In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Ramirez*, 284 Neb. 697, 823 N.W.2d 193 (2012). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life. *Id.* An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Watt*, 285 Neb. 647, ___ N.W.2d ___ (2013). A sentence at the maximum limit is still within that limit—it is only if the sentence exceeds the

statutory limit that it becomes "excessive" as a matter of law. *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

At the time Sikes was convicted, Neb. Rev. Stat. § 28-106 (Reissue 2008) provided that driving under the influence, third offense, was a Class W misdemeanor punishable as follows: "[m]aximum — one year imprisonment and six hundred dollars fine[;] [m]andatory minimum — ninety days imprisonment and six hundred dollars fine." In addition, § 60-6,197.03(4) requires that a person convicted of driving under the influence, third offense, shall have his or her license revoked for 15 years. As discussed above, in order for the convicted person to drive during revocation, § 60-6,197.01(1)(b) provides that the court order the convicted person to obtain an ignition interlock permit and install an ignition interlock device on all the vehicles the person owns or operates. For a defendant convicted of driving under the influence second or subsequent offense, who chooses to drive, § 60-6,197.01(2) provides that the court may order the convicted person to utilize a CAM device and abstain from the use of alcohol. If the court orders a CAM device, it must also order the ignition interlock device.

Sikes was sentenced to 365 days' imprisonment with 1 day's credit for time served, fined $600, and had his license revoked for a period of 15 years. After a 45-day period of no driving following his release from jail, Sikes was given the option to drive during revocation by obtaining and installing an ignition interlock device. Should he choose to drive, Sikes was also ordered to utilize a CAM device and abstain from alcohol use for the 15-year period. The sentence and sanctions imposed were within the statutory limits.

The record shows that a presentence investigation was ordered. It reflects that Sikes has a criminal record, including a history of driving under the influence. The district court properly considered Sikes' prior driving convictions in imposing the sentence and sanctions. See *State v. Ramirez, supra*.

The presentence investigation report indicates that Sikes is 53 years old, has completed high school, and was unemployed. Sikes' criminal history includes convictions for numerous traffic violations, contributing to the delinquency of a minor, flight to avoid arrest, resisting arrest, third-degree assault,

driving during suspension (four times), disturbing the peace (two times), attempted obstruction of a peace officer, third-degree domestic assault, violation of a protection order, theft by unlawful taking (two times), and first degree criminal trespass. The presentence investigation report also indicates that prior to the conviction at issue in this case, Sikes had been convicted of driving while intoxicated twice and driving under the influence four times. Because of his convictions, Sikes has been on probation eight times, which probation was revoked on one occasion.

The presentence investigation report further shows that, overall, Sikes falls into the "High Risk" range using the "Level of Service/Case Management Inventory," which is a risk/need assessment tool specifically designed to determine the degree of risk that the defendant presents to the community. Sikes scored in the "High Risk" range for the "Alcohol/ Drug Problem" category on the inventory, and the report states that Sikes "admits he has had a problem with his use of alcohol including several arrests for [driving under the influence]." The presentence investigation report also shows that the "Simple Screening Instrument," which is an assessment tool used to determine the presence of a current substance abuse problem and identify the need for further assessment, was administered by a probation officer. The results indicate that Sikes has a moderate to high risk for alcohol or drug abuse.

We further note that at the hearing, the district court emphasized the fact that in the last 5 years, "[f]rom 2006 to present date, [Sikes] chose to drive five times while under the influence of either alcohol or some other substance." In view of the facts of the case and Sikes' record, we determine that the sentence and sanctions imposed are appropriate and that the district court did not abuse its discretion.

## CONCLUSION

We determine that the district court did not err when it ordered that, should Sikes choose to drive, he utilize a CAM device and abstain from alcohol use for the period of the

interlock revocation. The sentence and sanctions imposed were not an abuse of discretion. Therefore, we affirm.

AFFIRMED.

———————————

Bruce Holdsworth, appellee, v. Greenwood Farmers Cooperative and Cooperative Mutual Insurance Company, Inc., appellants.

___ N.W.2d ___

Filed June 14, 2013.    No. S-12-403.

1.  **Workers' Compensation: Appeal and Error.** An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.
2.  **Jurisdiction.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3.  **Appeal and Error.** The meaning of a statute is a question of law.
4.  **Jurisdiction.** Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court.
5.  ____. Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.
6.  ____. The jurisdiction of courts is a public matter that cannot be affected by a private agreement, and the jurisdiction of a court can neither be acquired nor lost as a result of an agreement of the parties.
7.  **Statutes: Appeal and Error.** An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
8.  **Workers' Compensation: Penalties and Forfeitures: Attorney Fees.** The waiting-time penalty and attorney fees for waiting-time proceedings provided under Neb. Rev. Stat. § 48-125 (Cum. Supp. 2012) are rights under the Nebraska Workers' Compensation Act.
9.  **Workers' Compensation: Penalties and Forfeitures: Waiver.** The settlement procedures in Neb. Rev. Stat. § 48-139(3) (Reissue 2010) require a worker to waive all rights under the Nebraska Workers' Compensation Act, including both the right to penalties under Neb. Rev. Stat. § 48-125 (Cum. Supp. 2012) and the right to ask a judge of the compensation court to decide the parties' rights and obligations.
10. **Statutes: Appeal and Error.** An appellate court will not read into a statute a meaning that is not there.
11. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.