IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HINES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRENDA L. HINES, APPELLANT.

Filed February 9, 2016.    No. A-15-720.

Appeal from the District Court for York County: JAMES C. STECKER, Judge. Affirmed.

Nancy G. Waldron, York County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Brenda L. Hines appeals her convictions and sentences for drug-related offenses in the district court for York County. She contends that the sentences imposed were excessive, and violated her right to free exercise of religion. Based on the reasons that follow, we affirm.

### BACKGROUND

On November 28, 2014, the York Police Department executed a search warrant at Hines' residence, which she calls "The Temple of Zion." During the search, officers located several prescription pill bottles containing various pills. The officers also found marijuana and paraphernalia consistent with distributing marijuana.

On January 23, 2015, the State filed an information charging Hines with six offenses: Count I, possession of a controlled substance, marijuana, with intent to deliver; Count II,

possession of a controlled substance, OxyContin, with intent to deliver; Count III, possession of a controlled substance, acetaminophen/ oxycodone, with intent to deliver; Count IV, possession of a controlled substance, clonazepam, with intent to deliver; Count V, maintaining a drug trafficking place; and Count VI, possession of drug money. Hines pled not guilty to the charges.

Count III was subsequently dismissed, and count II was amended to allege oxycodone, rather than OxyContin. A jury trial was held on the remaining five charges.

At trial, Hines argued that her drug distribution was part of her exercise of religion. Hines testified that her residence is "The Temple of Zion" and she is the high priest of the temple. She established the temple so she could "fulfill God's wish and help stop the pain and suffering." Hines claimed that the pills found during the search of her residence were given to her by her followers and that she would hand them out to other followers who needed them. When asked about the religious services at the temple, Hines explained, "[W]e gather together. We have a sacred circle. We share our marijuana between ourselves. . . When we are high we are with God. It's a very personal thing." She further testified that her followers also take marijuana home with them because her religion is not a "go-to-church-on-Sunday" religion but rather, "when you need God, you smoke a bowl, so it's not a religious sacrament." She also testified that "[M]arijuana is the tree of life. It contains the spirit of God. When you get high you get God, so that you are with him when you are high."

Following trial, the jury found Hines guilty of Counts I, II, IV, and V, and not guilty of Count VI. The trial court sentenced her to 2 to 4 years' imprisonment on Count I, possession of a controlled substance, marijuana, with intent to deliver, a Class III felony; 2 to 4 years' imprisonment on Count II, possession of a controlled substance, oxycodone, with intent to deliver, a Class III felony; 2 to 4 years' imprisonment on Count IV, possession of a controlled substance, clonazepam, with intent to deliver, a Class IIIA felony; and 3 months' imprisonment on Count V, maintaining a drug trafficking place, a Class III misdemeanor. The court also ordered that the sentences imposed on Counts II, IV, and V shall be served concurrently to Count I and concurrently to each other.

## ASSIGNMENTS OF ERROR

Hines assigns that (1) the trial court erred in imposing excessive sentences, and that (2) the sentences violate her right to free exercise of religion.

## STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Tolbert,* 288 Neb. 732, 851 N.W.2d 74 (2014). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Excessive Sentences.*

Hines first assigns that the trial court erred in imposing excessive sentences. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record and record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Tolbert,* 288 Neb. 732, 851 N.W.2d 74 (2014). When imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Sikes, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The trial court sentenced Hines to 2 to 4 years' imprisonment on Counts I, II, and IV. Counts I and II are both Class III felonies, which carry a maximum sentence of 20 years' imprisonment, a $25,000 fine, or both, and a minimum on 1 year imprisonment. See Neb. Rev. Stat. § 28-416 (Cum. Supp. 2014); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Count IV is a Class IIIA felony, which carries a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both, with no minimum sentence. *Id.*

Count V is a Class III misdemeanor, punishable by a maximum of 3 months' imprisonment, a $500 fine, or both, with no minimum sentence. See Neb. Rev. Stat. § 28-417(1)(e) (Reissue 2008); Neb. Rev. Stat. § 28-106 (Cum. Supp. 2014). The trial court sentenced Hines to 3 months' imprisonment on this charge.

All of Hines' sentences are within the statutory limits. We need only determine whether there was an abuse of discretion by the trial court.

At the sentencing hearing, the court stated that it reviewed the presentence investigation report. It noted that Hines was 53 years' old, was employed, and that she had not been previously convicted of a felony. It further stated that Hines clearly had a substance abuse problem and had no desire to go to treatment. She took no responsibility for her actions and attempted to justify her actions as a drug dealer based on her religious beliefs. The court stated that the sentences it imposed were not because Hines wanted to smoke marijuana, but because she distributes multiple types of illegal drugs.

The court also gave Hines the benefit of ordering all her sentences to run concurrently. With credit for good time and time served, Hines would be eligible for parole after serving about one year.

Based on the record before us, we conclude the district court gave adequate consideration to the circumstances of this case and the appropriate sentencing factors before imposing the sentences. The sentences imposed are within the statutory limits, and the district court did not abuse its discretion in the sentences it imposed. Hines' first assignment of error is without merit.

*Violation of Religious Freedom.*

Hines next assigns that the sentences imposed violate her right to free exercise of religion. However, she fails to make an argument in support of this assigned error. She merely states that she has a right to freedom of religion under the First Amendment to the U.S. Constitution, but fails to argue or cite to any authority in regard to how the sentences imposed by the trial court violated that right. An argument that does little more than to restate an assignment of error does not support the assignment, and this court will not address it. *State v. Mata*, 275 Neb. 1, 19, 745 N.W.2d 229, 248 (2008). Accordingly, we do not address Hines' second assignment of error.

## CONCLUSION

We conclude that the sentences imposed by the trial court were not excessive. Accordingly, Hines' convictions and sentences are affirmed.

AFFIRMED.