Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/23/2016 08:09 AM CDT

State of Nebraska, appellee, v.
Corey J. Raatz, appellant.
___ N.W.2d ___

Filed September 23, 2016.    No. S-16-194.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
3. **Criminal Law: Statutes: Legislature.** When the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise.
4. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
5. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.
6. **Statutes: Legislature: Appeal and Error.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
7. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

8. **Criminal Law: Statutes: Legislature: Intent: Time.** The Legislature did not intend penalty reductions made in 2015 to Class IV felonies to apply retroactively to offenses committed prior to August 30, 2015.

9. **Sentences.** In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors.

10. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## INTRODUCTION

Corey J. Raatz appeals his sentence for criminal mischief, a Class IV felony. See Neb. Rev. Stat. § 28-519 (Reissue 2008). He contends that the district court erred in failing to retroactively apply statutory amendments from 2015 Neb. Laws, L.B. 605, which require probation sentences for all Class IV felonies unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community. Further, he contends that the district court abused its discretion by sentencing him to incarceration rather than a term of probation. Pursuant to Neb. Ct. R. App. P. § 2-111(E)(5)(a) (rev. 2014), the case was submitted without oral argument. We find that the changes set forth by L.B. 605 do not apply to Raatz and that the district court did not err in sentencing him to a term of imprisonment. We affirm.

## FACTS

On November 5, 2014, Sgt. James Vrbsky of the Madison County Sheriff's Department responded to a report of a vehicle fire in Madison County, Nebraska. He observed what appeared to be a semi-truck on fire. Shortly after Vrbsky arrived at the scene of the fire, a vehicle stopped nearby, and Raatz exited the passenger door. Raatz inquired of Vrbsky if he could proceed on, to which Vrbsky advised that he could. Raatz further inquired whether there was going to be a problem, because he, Raatz, was near the fire. Vrbsky advised Raatz that he should contact the sheriff's office if he had set the fire and that if not, he should leave, whereupon Raatz left. Vrbsky observed indicators that Raatz was under the influence of alcohol at the time of their contact. Thereafter, the vehicle carrying Raatz again passed by the scene.

After Vrbsky had exited the scene, he was dispatched back to the same scene. When Vrbsky arrived, he observed Raatz and a female standing there with a male subject, John Krueger. Again, Vrbsky told Raatz to leave.

Krueger reported to Vrbsky that he had been awoken by a telephone call and that he recognized the caller's voice as that of Raatz, advising Krueger that there was a fire just north of his house. Raatz hung up, but called back, identifying himself as Raatz, and again advised Krueger of the fire. Krueger drove to the area Raatz described. He observed a small fire in the cab area of a semi-tractor and called the authorities. After the authorities arrived, Krueger observed the vehicle carrying Raatz drive by, return, go by again, and then park. Thereafter, Raatz exited the vehicle and approached Krueger.

At the fire scene, investigators determined that one semi-tractor was driven into a fuel trailer, pushing the fuel trailer into a second semi-tractor. A fire then started and consumed both semi-tractors and the trailer.

On March 5, 2015, the sheriff's office interviewed and, later, arrested Raatz for false reporting and criminal mischief. The

State filed an information on April 15, charging Raatz with criminal mischief, a Class IV felony.

A plea agreement resulted in Raatz' pleading no contest to the charge on December 21, 2015. Further, the State agreed to make no recommendation at sentencing and requested the determination of restitution at a later hearing. The district court ordered a presentence investigation and scheduled the sentencing and restitution hearing for February 19, 2016.

At sentencing on February 19, 2016, Raatz requested a term of probation, arguing that with the 2015 addition of L.B. 605, Neb. Rev. Stat. § 29-2204.02 (Supp. 2015) required probation for Class IV felonies absent substantial and compelling reasons that would prevent effective and safe supervision in the community. The district court ruled that because the offense occurred before August 30, 2015—the effective date of L.B. 605—it did not have to find substantial and compelling reasons not to place Raatz on probation, as required by § 29-2204.02. The district court sentenced Raatz to a prison term of 20 to 40 months. Raatz appealed.

## ASSIGNMENTS OF ERROR

Raatz assigns that the district court (1) failed to apply § 29-2204.02 in sentencing him and (2) abused its discretion by sentencing him to a term of incarceration rather than a term of probation.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015); *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013).

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013); *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011).

## ANALYSIS

*Whether District Court Erred*
*in Declining to Apply*
*§ 29-2204.02.*

[3] Raatz contends that the district court erred in declining to apply § 29-2204.02 in sentencing him, following his conviction for criminal mischief, a Class IV felony. See § 28-519. He relies on what we sometimes refer to as the "*Randolph* doctrine," the proposition that when the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise. See *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971). Upon our review of L.B. 605, we determine that the Legislature specifically provided otherwise in this instance.

[4-7] Our analysis begins with the rules of statutory construction. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Sikes, supra*; *State v. Parks, supra*. It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004); *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002). In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Mucia*, 292 Neb. 1, 871 N.W.2d 221 (2015); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent,

harmonious, and sensible. *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

Here, Raatz was convicted of criminal mischief, pursuant to § 28-519, in November 2014. His conviction occurred prior to August 30, 2015, the effective date of L.B. 605. Raatz contends that because he was sentenced after the effective date of L.B. 605, *Randolph, supra*, controls and he should have been sentenced to probation as provided by § 29-2204.02(2), which states, in relevant part:

> If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:
>
> . . . .
>
> (c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. Unless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason.

Raatz' reliance on *Randolph, supra*, is misplaced. He cannot receive the benefit of the amendatory act that lowered the punishment for Class IV felonies, because the Legislature specifically provided otherwise within L.B. 605.

[8] When the Legislature amended the penalty provisions in Neb. Rev. Stat. § 28-105 (Supp. 2015) for Class IV felonies, it included the following language regarding retroactive application: "The changes made to the penalties for Class III, IIIA, and IV felonies by Laws 2015, LB605, do not apply to *any offense* committed prior to August 30, 2015, as provided in section 28-116." § 28-105(7) (emphasis supplied). Further, Neb. Rev. Stat. § 28-116 (Supp. 2015) states in part:

> The changes made to the sections listed in this section by Laws 2015, LB605, shall not apply to any offense committed prior to August 30, 2015. Any such offense shall be construed and punished according to the provisions of law existing at the time the offense was

committed. For purposes of this section, an offense shall be deemed to have been committed prior to August 30, 2015, if any element of the offense occurred prior to such date.

Section 28-116 goes on to list § 28-519, criminal mischief, as a statute that was amended by L.B. 605. The Legislature was clear by the plain language of § 28-519 that it is not to be applied retroactively to "any offense committed prior to August 30, 2015," and Raatz' offense occurred prior to August 30, 2015. Consequently, § 29-2204.02 is not applicable to his case.

Raatz points out that as part of L.B. 605, the Legislature amended Neb. Rev. Stat. § 83-1,135.02(2) (Supp. 2015), which provides that "sections 29-2262 [and] 29-2266 . . . apply to all committed offenders under sentence, on parole, or on probation on August 30, 2015, and to all persons sentenced on and after such date." Raatz argues, "[I]t is clear, that as far as §§ 29-2262 and 29-2266 are concerned, the Legislature certainly desired to have its changes in probation conditions and procedures for sanctions applied retroactively. The logical inference would be that § 29-2204.02 should apply retroactively as well." Brief for appellant at 17. However, the fact that the Legislature specifically referenced Neb. Rev. Stat. §§ 29-2262 and 29-2266 (Supp. 2015), but not § 29-2204.02, would stand for the opposite conclusion from that opined by Raatz. It is clear that the Legislature did not intend to apply § 29-2204.02 retroactively. Therefore, the district court did not err in declining to apply § 29-2204.02 in sentencing Raatz.

*Whether District Court Abused Its*
*Discretion by Sentencing Raatz to*
*Term of Incarceration Rather*
*Than Term of Probation.*

[9,10] Lastly, Raatz contends that the district court abused its discretion by electing to sentence him to a term of

imprisonment, rather than probation. In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life. *Id.* An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.*

The presentence report reflects that Raatz has an extensive criminal history, spanning from 1996 to 2014. It includes four convictions for driving under suspension, one for driving under the influence, one for reckless driving, and one for driving under revocation, the last of these driving offenses occurring in 2012. Raatz has been convicted of trespass twice, most recently in 2012. Raatz' criminal record reflects two convictions for criminal mischief, in addition to the present offense, as well as four convictions for theft and two for assault. In addition, Raatz has been convicted of burglary, fraud, obstructing an officer, unauthorized use of a vehicle, violation of a restraining order, attempt to elude a police officer, possession of a deadly weapon by a felon, disturbing the peace, child abuse, and false reporting. Raatz has been incarcerated 11 times and served terms of probation for unauthorized use of a vehicle, together with trespass and attempt to elude a police officer.

At the time of the present offense, a Class IV felony was punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. § 28-105(1). The sentencing order provided that the district court had reviewed Neb. Rev. Stat. § 29-2260 (Supp. 2015) and found that Raatz was "not a suitable candidate for probation." According to the presentence report, Raatz expressed the desire to continue to provide for his family while on probation and professed that he would not reoffend. But as recounted above, Raatz has an extensive criminal history that shows a consistent lack of respect for

people and property and includes multiple criminal mischief convictions. He has received opportunities for probation in the past and takes no responsibility for the present offense. In light of these facts, we cannot conclude that the district court abused its discretion in sentencing Raatz to incarceration.

## CONCLUSION

Although Raatz was convicted of a Class IV felony, § 29-2204.02 does not apply retroactively to his offense, because he committed that felony before the effective date of L.B. 605. We find that Raatz' sentence of 20 to 40 months' imprisonment was within statutory limits and was not an abuse of discretion. Therefore, we affirm.

Affirmed.

Connolly, J., not participating.